14242.  FIELDS v. QUEEN INSURANCE COMPANY.

STEPHENS, J.   1.  It is necessary to a recovery by an insured under a fire-insurance policy that he show a compliance with the terms and conditions of the policy, including the so-called "iron-safe clause." *Jefferson Fire Ins. Co.* v. *Brackin*, 147 *Ga.* 47 (92 S. E. 930). Where the policy, which is upon a stock of merchandise and store furniture and fixtures, etc., provides that if the insured has not within 12 calendar months prior to the date of the policy, or "within 30 days of the issuance of this policy," taken a complete itemized inventory of the stock on hand, the policy shall be null and void, the insured, carrying the burden of showing a compliance with the terms of the policy, does not show a compliance therewith where the policy was issued on November 4, 1921, and one inventory was taken "some time in November, 1920," and another inventory was taken on January 28, 1922, since "some time in November, 1920," may be more than 12 calendar months prior to the issuance of the policy, and January 28, 1922, is more than "30 days of the issuance of" the policy.

2.  In a suit on the policy, where the evidence of the insured himself (which must be taken most strongly against him) shows that he operated his store "from about November 1, 1920, until the date of the fire," and that he "bought the store some time in November, 1920," and "took an inventory when [he] bought it," there is no inference therefrom that the inventory was made after November 4, 1920, and therefore within 12 months prior to November 4, 1921, the date of the policy.

3.  Such a provision being a promissory warranty, the policy sued on became void as to both the merchandise and the fixtures, upon the insured's failure to comply therewith, and the court properly awarded a nonsuit. *Southern Fire Insurance Co.* v. *Knight*, 111 *Ga.* 622 (3) (36 S. E. 821, 52 L. R. A. 70, 78 Am. St. R. 216); *Scottish Union &c. Co.* v. *Stubbs*, 98 *Ga.* 754 (4-6), 761 (27 S. E. 180); *Finleyson* v. *Liverpool &c. Co.*, 16 *Ga. App.* 51 (84 S. E. 311).

4.  The case of *Southern Fire Insurance Co.* v. *Knight*, supra, in which it was held that "A policy of fire insurance the consideration for which is a premium payable in a gross sum is entire and indivisible, though the contract insures different classes of property in separate amounts," is, although the decision was by a divided court, a well-considered case, in which all of the authorities pro and con are weighed and analyzed, and the conclusion there reached seems to be in accordance with the weight of authority and, in our opinion, correct. We therefore do not deem it advisable to comply with the request of counsel for the plaintiff in error by certifying to the Supreme Court the question as to the soundness of that decision.

*Judgment affirmed.  Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 27, 1924.

Action upon fire-insurance policy; from city court of Oglethorpe —Judge Greer.  September 27, 1922.

*B. F. Neal, John B. Guerry,* for plaintiff.

*Spalding, MacDougald & Sibley, Jule Felton,* for defendant.