## WRIGHT v. UNION INS. CO. OF INDIANA.

(Circuit Court of Appeals, Fifth Circuit. May 29, 1926.)

No. 4757.

Insurance ⬥335(4)—Failure to keep books in fireproof safe, resulting in destruction of essential book, held to invalidate policy.

Failure of insured to comply with a requirement of the policy on his stock of merchandise that he keep his books in a fireproof safe, in consequence of which one of his essential books, left out of the safe, was burned, held to invalidate the policy under its terms.

In Error to the District Court of the United States for the Southern District of Mississippi; Edwin R. Holmes, Judge.

Action at law by B. A. Wright against the Union Insurance Company of Indiana. Judgment for defendant, and plaintiff brings error. Affirmed.

C. C. Moody and Elbert Johnson, both of Indianola, Miss., for plaintiff in error.

A. A. Armistead, of Vicksburg, Miss., for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This is an action on a fire insurance policy to recover for

the loss of a stock of general merchandise and of store fixtures. According to the evidence, the merchandise consisted chiefly of dry goods, groceries, and hardware.

The defense was that plaintiff, the assured, had failed to keep in a fireproof safe, or produce for defendant's inspection, a set of books sufficient to comply with the requirements of the so-called "iron safe clause" of the policy. By that clause an assured covenants and warrants that he will take a complete "itemized inventory" of stock on hand at least once in each calendar year; that he will keep a set of books "which shall clearly and plainly present a complete record of business transacted, including all purchases, sales, and shipments, both for cash and credit," from date of inventory; and that he will keep such inventory and books in a fireproof safe at night and when the building in which the goods are stored is not open for business. The clause then provides that, in the event of failure to produce such set of books for the inspection of the insurance company, the policy shall become null and void.

The policy was issued December 4, 1923, for one year. On January 1, 1924, the inventory required by it was taken. On October 16, 1924, the property insured was destroyed by fire. The books kept by plaintiff consisted of a cash book, a day book, and a ledger. In the cash book all the sales for cash were entered. The day book contained a record of all sales made on credit, showing the date, name of purchaser, a description of the specific articles sold, and the amount. The bulk of plaintiff's sales were made on credit. The ledger was posted daily from the day book, and contained all the accounts of individual purchasers, including date and amount, but the specific articles were not entered in it; instead, they were classified or described in general terms, as "groceries," "dry goods," or "hardware." Plaintiff also kept in his ledger his merchandise account, which at the end of each month he credited in a lump sum with the credit sales shown by the day book during that period. The day book which covered the time from the date of the inventory January 1, to July 15, 1924, having been used up by the latter date, was not put back in the safe, but was left on a shelf in the store and destroyed in the fire which consumed the stock of goods. A day book extending from July 15, 1924, to the date of the fire, was kept in the safe and produced along with the inventory, cash book, and ledger for defendant's inspection. No fault is found with the inventory, or with the manner of keeping the books of account which were produced.

It was plaintiff's contention at the trial that the sales which he made on credit for the period covered by the burnt day book were sufficiently shown by the ledger to present a complete record of such sales, and to prove his case he made a comparison between the aggregate sales credited in the merchandise account and the sum total of the individual accounts carried in the ledger. The monthly totals thus arrived at were not the same, but for the whole period the entries credited from the lost day book to the merchandise account exceeded by only $61.34 the aggregate of the individual accounts shown by the ledger. The District Judge, being of opinion that the books produced did not present a sufficient record of the credit sales, directed a verdict and entered judgment thereon for the defendant insurance company.

The object of the iron safe clause is to enable the insurance company to ascertain the extent of the loss. That clause is satisfied if the books are kept in such a manner as to enable a person of ordinary intelligence accustomed to accounts to refer to the books of account and ascertain therefrom, and without the aid of oral testimony, except as to the manner of bookkeeping employed, the amount of goods on hand at the time of the fire. Liverpool Ins. Co. v. Kearney, 180 U. S. 132, 21 S. Ct. 326, 45 L. Ed. 460; Home Ins. Co. v. Williams, 237 F. 171, 150 C. C. A. 317.

The entries of credit sales in the ledger are clearly insufficient for that purpose, as the amount of goods sold under the general description is not shown. Nor is it possible to ascertain that amount, so as to arrive at what was left on hand, by including in such entries the prices charged upon the credit sales that were made. A charge made and entered indicates nothing without a description of the goods. Only by such description is it possible for an accountant to discover whether the goods were sold at, above, or below cost or value. If plaintiff sold at a loss, the stock of goods destroyed by fire was smaller than it would have been if he had sold at cost, or at a profit. On the other hand, if he sold at a profit, his stock was larger than it would have been if he had sold at cost, or at a loss. It follows that the books produced in evidence failed to disclose the extent of plaintiff's loss.

It was not permissible for plaintiff to show by his oral testimony that he sold at a profit, because the parties stipulated that the books should present a complete record of

business transactions, including all sales. The iron safe clause, which provides that the policy shall become void in the event of failure to produce the inventory and books of account thereby required, applies to the fixtures, though they were separately valued, because the assured is not entitled to any recovery unless he can bring himself within the terms of the policy. Imperial Ins. Co. v. Coös County, 151 U. S. 452, 462, 14 S. Ct. 379, 38 L. Ed. 231.

The conclusion is that plaintiff is not entitled to recover, because of his failure to preserve and produce such books of account as were required by the policy.

The judgment is affirmed.