### FIDELITY UNION FIRE INS. CO. v. BARNES et al.*

### UNITED STATES FIRE INS. CO. v. BARNES et al.

#### (No. 273.)

Court of Civil Appeals of Texas. Eastland. March 11, 1927.

Rehearing Denied April 8, 1927.

1. Insurance ⟐146(3)—Fire insurance contract will be construed, if possible, to further parties' object, rather than destroy contract.

While courts do not make contracts, but only undertake to ascertain parties' real intent as expressed by contract, fire insurance contract will be construed, if possible, with view of furthering parties' object, rather than destroying contract.

2. Insurance ⟐146(3)—Insurance policy, prepared wholly by insurer, will be construed most favorably to insured.

If written provisions of contract, such as insurance policy, prepared wholly by one party, are susceptible of two constructions, one most favorable to insured will be adopted.

3. Insurance ⟐335(3)—Requirement that insured's books show all property taken from stock held sufficiently complied with by entries of amounts of daily sales.

Requirement of fire insurance policy that assured's books include record of all property taken from insured stock of merchandise *held* not to require itemized statement of each article sold, but sufficiently complied with by entries of amount of sales for each day; sole object being to aid insurer to determine by best

---

⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error refused June 4, 1927.

evidence possible whether property destroyed or damaged was covered by policy and value thereof.

**4. Insurance ⬤⇝153—Court should take notice of general business custom, in determining whether fire policy contemplated bookkeeping system showing each article in insured stock and value thereof.**

In determining whether parties to fire insurance policy on stock of merchandise contemplated system of bookkeeping that would enable stranger to make complete inventory of each article in stock with value thereof by referring to books alone, court should take notice of general custom of transacting such business.

**5. Judgment ⬤⇝255—Judgment against insurer, as to which salvage value agreement was excluded from evidence, for value of insured stock at time of fire less agreed salvage value, held erroneous.**

Where written agreement as to value of salvaged goods was excluded from evidence in actions on fire policies as to insurer not signing it, court was not warranted in awarding judgment against such insurer on basis of value of stock at time of fire less such agreed salvage value.

**6. Judgment ⬤⇝255—Insured's testimony identifying letter as one from insurer's adjuster, with papers attached showing amount of loss, held insufficient to warrant judgment without submitting issue of value to jury.**

In action on fire insurance policy, plaintiff's testimony, that letter exhibited to him was written by adjuster in insurer's behalf and had papers attached showing loss in certain amount exclusive of salvage agreed on, *held* insufficient evidence of value to warrant judgment without submitting issue to jury, being mere statement of approximately what paper, not otherwise identified disclosed.

**7. Appeal and error ⬤⇝843(1)—Error not likely to arise on retrial need not be discussed.**

Alleged error, which will likely not arise on retrial granted on other grounds, need not be discussed.

Appeal from District Court, Taylor County; W. R. Ely, Judge.

Actions, consolidated for trial, by E. J. Barnes against the Fidelity Union Fire Insurance Company and against the United States Fire Insurance Company, respectively, in which Harry J. W. Neihaus intervened. From a judgment for plaintiff and intervener, defendants appeal. Affirmed in part, and reversed and remanded in part.

Collins & Houston and Senter & Strong, all of Dallas, for appellants.

Wagstaff, Harwell & Wagstaff, of Abilene, for appellees.

HICKMAN, J. The appeal is from a judgment of the district court of Taylor county in favor of appellees against the appellants in a consolidated case. Suit was instituted by the appellee E. J. Barnes against appellant, Fidelity Union Fire Insurance Company, upon two policies of fire insurance, each in the amount of $5,000. One of the policies was on a stock of dry goods, and the other was divided between the stock of dry goods and the fixtures; $4,000 being upon the dry goods, and $1,000 upon the fixtures. Suit was also instituted by the appellee E. J. Barnes against appellant, United States Fire Insurance Company, upon one policy of insurance for the amount of $5,000, covering the same stock of goods, but not covering any furniture or fixtures. Both suits related to the same fire. They were consolidated and tried as one case. By leave of the court, Harry J. W. Neihaus filed his plea of intervention, setting up that an assignment of the policies had been made to him, as trustee, for the purpose of securing an indebtedness of $12,000 owing by the appellee Barnes, and praying for 80 per cent. of the proceeds of the policies of insurance by virtue of the assignment.

The case was tried before a jury, and, upon the answers of the jury to the special issues submitted by the court to them, judgment was rendered in favor of appellees against the United States Fire Insurance Company for $4,959, and against the other appellant herein for $9,677.50, the judgment apportioning the recovery between the appellee Barnes and the appellee Neihaus, trustee. Each of the insurance companies perfected an appeal to this court, and in their briefs joined each other upon the main issues involved by the appeal.

Only one ground for reversal is urged by the appellant, Fidelity Union Fire Insurance Company. This ground is also urged by the other appellant, and the brief of the Fidelity Union Fire Insurance Company is adopted by it. And additional brief is filed by the United States Fire Insurance Company, setting up other grounds of alleged error, which will be noticed hereinafter. The one ground upon which the two appellants join and the sole ground relied upon by appellant, Fidelity Union Fire Insurance Company, is based upon an alleged failure on the part of the insured to comply with the record warranty clause of the insurance policy. The provisions of that clause, in so far as they concern the questions involved in this case, are as follows:

"Sec. 2. The assured will make and prepare, in the regular course of business, from and after the date of this policy, a set of books, which shall clearly and plainly present a complete record of business transacted, including all purchases, sales, and shipments, both for cash and on credit, or this entire policy shall be null and void.

"The term, 'complete record of business transacted,' as used above, is meant to in-

clude in said set of books a complete record of all the property which shall go into the premises and be added to the stock, and of all property taken from the stock, whether by the assured or by others, though not technically purchases or technically sales."

The admission is made that appellee complied with the requirements of the record warranty clause, in so far as same related to the making of an inventory and keeping a complete record of all of the property added to the stock of goods after the making of the inventory. The only question presented to this court by the appeal on this ground is the alleged failure of appellee to comply with that provision herein quoted, to the effect that his set of books shall include a complete record of all the property taken from the stock.

The facts disclose that the policies of insurance were written on different dates, from about the 20th of October, 1925, to about the 31st day of October, 1925. The business of appellee was opened up in Knox City, Tex., on or about the 23d day of October, 1925. The fire which destroyed the store occurred in the early morning hours of November 18, 1925. A complete inventory of all property covered by policies of insurance was prepared and preserved by the insured, and satisfactory records were kept of all additions made to the stock after the inventory was prepared and before the fire occurred.

With reference to the record as to the property taken from the stock after that date, the facts disclose that sales tickets were made of each sale, and each night, at the close of the day's business, these sales tickets were checked with the cash register and the amount of cash on hand, and an entry was made in the books of the insured, showing in bulk the cash sales for that particular day. The sales tickets were not preserved. The permanent books did not disclose a description of each article sold, but only the amount of the sales for each and every day. The gross sales during the period of time that the store was in operation from about October 23d, to the close of business on November 17th, was $964.78, the sales for any other particular day being small.

The exact question presented to this court for decision is whether or not, under the provisions above quoted, the insured was required to preserve an itemized statement of each and every article sold, with penalty of forfeiture visited upon him for failure to do so. The following quotation from the joint brief of the two appellants states succinctly the question for determination:

"The undisputed evidence is that the books kept by appellee and exhibited to appellant after the fire showed only the amount of money received for stock sold, but did not reveal what property went out of the insured stock in exchange for that money. The question, thus narrowed down, is whether such a record is a substantial compliance with the bookkeeping provisions of the warranty."

[1] Appellants in their very fair and able brief concede that a substantial compliance only is required of the insured, and narrow the question down to whether or not appellee substantially complied with these requirements. Various phases of the iron-safe clause and record warranty clause of fire insurance policies have been the subject of many opinions by the courts of our state, and the rule has become firmly established by these decisions that, while the courts do not make the contracts between parties, but only undertake to ascertain what was the real intention of the parties as expressed by their contract, yet in view of the fact that the subject involved is that of insuring property against loss or damage by fire, the contract will be construed, if possible, with the view of furthering the object of the contracting parties, rather than destroying their contract.

[2, 3] The courts have also announced the very just and equitable rule, which applies to all contracts prepared wholly by one of the parties, that, if the written provisions are susceptible of two constructions, the one will be adopted most favorable to the insured. With these basic rules to guide them, our courts have undertaken to determine from the language used and general facts, circumstances, and conditions surrounding the parties, keeping in mind the objects to be obtained, what was the purpose of the particular provision under construction. In short, our courts have undertaken to follow ideas rather than words. Approaching the answer to the question presented by this appeal in this manner, let us inquire the purpose in mind in preserving a record of the property taken from the stock of goods. The section of the record warranty clause next preceding the one quoted above, in providing for an inventory of the stock on hand, requires that such inventory be itemized. In determining the purpose of this provision our Supreme Court, speaking through Judge Brown, in the case of Western Assurance Co. v. Kemendo, 94 Tex. 367, 60 S. W. 661, uses this language:

"The object of having the inventory made was not to ascertain the gross value of the property insured, but to ascertain the different articles which went to make up the stock, in order that the insurance company might test the correctness of the claim in two respects: (1) Whether the articles of which the stock was composed all belonged to the classes of property covered by the policy; and (2) whether the valuation attached to the different items, and which went to make up the total sum expressed, was reasonable."

This language is clear. The sole object of the entire provision is to aid insurance companies, in case of a fire, to determine by the

best evidence possible under the circumstances whether or not the property destroyed or damaged was covered by its policy of insurance, and, if so, the value of the property destroyed or damaged. The insured contract with the insurance company that, in case of fire, its liability for the property destroyed can be determined by the books kept from day to day in the ordinary course of business. It will be observed in this connection that, while this record warranty clause specifies that the inventory shall be itemized, it does not require an itemized record of all property taken from the stock. If the inventory disclosed that only a portion of the stock of merchandise was covered by the policy of insurance, then it would obviously be important to the insurance company 'to have an itemized record of all property withdrawn from the stock, in order that it might determine whether or not such withdrawn stock was taken from that covered by its policy; but where, as in this case, there is no question but that the policy covers all of the goods described in the inventory, and a complete inventory is preserved and presented to the insurance company, and permanent books are likewise presented, showing that over a period of less than 30 days sales had been made out of the stock generally amounting to a comparatively small sum, why is it important to the insurance company to know whether less sales were of shoes, men's clothing, or other articles covered by the policy? Had the sales tickets been recorded, word for word, in the permanent book instead of the one item each day showing the cash sales of that day, would the insurance company have been in better position to determine the loss of the insured for which it was responsible? Both appellants insist that they would. In support of their contention, they cite the case of Wright v. Union Insurance Co. (C. C. A.) 13 F.(2d) 612. In the case this language was used:

"A charge made and entered indicates nothing without a description of the goods. Only by such description is it possible, for an accountant to discover whether the goods were sold at, above, or below cost or value. If plaintiff sold at a loss, the stock of goods destroyed by fire was smaller than it would have been if he had sold at cost, or at a profit. On the other hand, if he sold at a profit, his stock was larger than it would have been if he had sold at cost, or at a loss."

By this rule, the insured would forfeit his policy if his books were not in such condition as that a stranger could, by referring to them alone, make a complete inventory of each and every article in stock, with the value thereof. In a stock of merchandise such as that covered by the policies in this case, there are various grades and prices of the same article. To illustrate: The record discloses that there were several hundred pairs of shoes in this stock of goods. Assuming that it was such a stock of shoes as is ordinarily carried by merchants, these shoes were of various sizes and grades and the value thereof may have ranged from $1 per pair to $10 per pair. A sales ticket indicating that a pair of shoes was sold to A. B., for $2, would furnish no information to the accountant as to whether that pair of shoes was sold at a profit or at a loss, unless the ticket went further and showed the cost of that pair of shoes. The same may be said of men's clothing or other articles carried in this stock. Had such a perfect system of bookkeeping been contemplated, words should have been employed clearly expressing that intention.

[4] In determining whether or not the parties to this insurance contract had such system in mind, we should take notice of the general custom of transacting business. The accountant representing the appellees testified that the system used by the appellant was that employed by 80 per cent. of the merchants. The Supreme Court of the United States, in the case of Liverpool & London & Globe Insurance Co. v. Kearney et al., 180 U. S. 132, 21 S. Ct. 326, 45 L. Ed. 460, in discussing the iron-safe clause of a fire insurance policy, made this observation:

"It will be observed that the insured had the right to keep the books and inventory either in a fireproof safe, or in some secure place not exposed to a fire that would destroy the house in which their business was conducted. But was it intended by the parties that the policy should become void unless the fireproof safe was one that was absolutely sufficient against every fire that might occur? We think not. If the safe was such as was commonly used, and such as, in the judgment of prudent men in the locality of the property insured, was sufficient, that was enough within the fair meaning of the words of the policy. It cannot be supposed that more was intended. If the company contemplated the use of a safe perfect in all respects, and capable of withstanding any fire, however extensive and fierce, it should have used words expressing that thought."

Applying this reasoning to the instant case, the parties to the contracts of insurance must have had in mind the system of bookkeeping usually employed by merchants. If that system was regarded by the ordinary, prudent merchant as sufficient to enable him at all times to estimate with fair accuracy the value of the stock of goods carried by him, it would not be reasonable to suppose that further information was desired by the insurance company. It was concerned chiefly with providing a fair and accurate way of arriving at the loss, in case of fire. To trust the memory of the insured to supply evidence of value would be not only to rely upon uncertain evidence, but to open the gateway for fraud. The policy provided for the best evidence of value, the daily records of the insured. We cannot understand how

the value of these books as evidence would be added to by itemizing each and every article sold, rather than recording the daily cash sales. We therefore conclude that appellant did not forfeit the insurance policies by his system of bookkeeping.

We have not seen fit to discuss all of the many cases cited by the parties in their briefs. Each of them have been carefully read. It would serve no purpose for us to discuss them, because the meaning of each is clear, and our discussion thereof would add nothing to the language of the eminent jurists who wrote them. We realize the force of the reasoning of appellants that some of these cases indicate views in accord with their contentions herein, but no case has been cited in which our Supreme Court has gone as far, in our judgment, as appellants have called upon this court to go in this case.

[5] The question above discussed is the only one raised by the Union Fidelity Insurance Company, but the other appellant, United States Fire Insurance Company, has raised some additional · questions, only one of which we think is necessary to discuss. This question arises from this situation: In submitting the case to the jury, the court had the jury to determine the value of the stock of goods at the time of the fire. No issue was submitted to the jury as to the loss sustained by the insured, because there had been introduced in evidence a written agreement to the effect that the value of the remaining salvage in stock of merchandise amounted to $4,068.65. The loss was determined by the court by subtracting this salvage value from the value of the stock of goods as found by the jury. The United States Fire Insurance Company raises the question here that there was no basis for awarding any character of judgment against it, because the written agreement with reference to the salvage value was not introduced against it. The record discloses that plaintiff offered the written agreement, and same was admitted as to the defendant, Fidelity Union Fire Insurance Company, but, upon objection to the introduction thereof as to the United States Fire Insurance Company, because same was not signed by it or binding upon it, the instrument was excluded as to said company. Obviously, there being no testimony in the record against United States Fire Insurance Company on the value of the salvage, the court was not warranted in fixing the value and substracting it from the value of the stock of goods at the time of the fire, as found by the jury, and awarding judgment against the United States Fire Insurance Company on that basis.

[6] Appellee recognizes the force of this objection, but insists that, independent of this evidence, there was other competent evidence in the record upon which the court could render judgment against said appellant. The other evidence relied upon is the testimony of the appellee himself, given under direct examination by his attorney. The testimony is as follows:

"I received the letter which you exhibit to me. That is from J. H. Rutlege, the adjuster. That letter was written in behalf of United States Fire Insurance Company. This letter had attached to it some papers for me to sign. This is the paper. Leaving out the amount of that salvage, on which we agreed, this shows my loss at right around $15,000."

We have read the statement of facts for the purpose of determining whether or not it disclosed the nature and character of the letter which was exhibited to the witness, but we are unable to determine anything in regard thereto. The testimony quoted falls far short of being testimony as to value sufficient to warrant the court in basing a judgment thereon without submitting the issue to the jury. It was given, as stated, by the appellee himself, and was based upon some paper which is not otherwise identified, and is a mere statement of approximately what that paper disclosed.

[7] We sustain the assignment of the appellant, United States Fire Insurance Company, complaining of the action of the court in rendering the judgment against it. Our action upon this assignment makes it unnecessary for us to discuss in this opinion other questions raised by this appellant in his brief. Since it becomes necessary that the case be retried as to the United States Fire Insurance Company, the alleged error will likely not arise upon the next trial.

It is our order that the judgment of the trial court as against Fidelity Union Fire Insurance Company be affirmed, and that the judgment against United States Fire Insurance Company be set aside and the cause remanded for another trial. One-half of the costs of this appeal will be taxed against the appellees, and the other one-half against the appellant, Fidelity Union Fire Insurance Company.

Affirmed in part, and reversed and remanded in part.