## NATIONAL–BEN FRANKLIN FIRE INS. CO. v. STUCKEY.

### No. 8455.

Circuit Court of Appeals, Fifth Circuit.

Oct. 15, 1937.

Alex W. Smith, Jr., of Atlanta, Ga., and J. S. Adams, of Dublin, Ga., for appellant.

R. M. Daley, of Dublin, Ga., for appellee.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This is an action upon two policies of fire insurance, one for $5,000 on a two-story brick building, and the other for an aggregate of $4,500 on items as follows: $2,000 on a one-story brick store adjoining the above-stated two-story brick store; $2,000 on the stock of merchandise contained in the one-story store, and $500 on the store furniture and fixtures contained in the one-story store.

This is the third appearance here of this case. Our former opinions are reported in 79 F.(2d) 631 and 86 F.(2d) 175. The judgment now appealed from is for $6,410.-58, being made up of $5,000, under policy No. 29, on the two-story brick store, and $1,410.58, under policy No. 28, on the adjoining one-story brick store; the appellee, upon the third trial, having withdrawn all claim of loss for merchandise and fixtures contained in said one-story building.

The parties agree in the briefs that the validity of the $5,000 policy must be upheld on this record, and that the only controverted issue before the court is over the amount of $1,410.58, allowed for damage to the one-story building. We think the policy covering this store became null and void because of a breach of the warranty known as the iron safe clause. This warranty provides in substance that the assured will take a complete itemized inventory of stock on hand at least once in each calendar year; that he will keep a set of books which shall clearly and plainly present a complete record of business transacted, including all purchases, sales, and shipments, both for cash and credit from date of inventory, and during the continuance of this policy; and that such books and inventory and also the last preceding inventory, if such has been taken, shall be kept securely locked in a fireproof safe at night and at all times when the premises mentioned in the policy are not actually open for business; or, failing in this, that such books and inventories will be kept in some place not exposed to a fire which would destroy the subject of insurance. The warranty further provides that, in the event of failure to produce such set of books and inventories for the inspection of the company, the policy shall become null and void, and such failure shall constitute a perpetual bar to any recovery thereon.

The specific question presented is the divisibility of the contract, the policy covering a stock of goods and fixtures as well as a store building, each separately valued. In Wright v. Union Insurance Company (C.C.A.) 13 F.(2d) 612, involving a stock of goods and fixtures, this court held that failure to comply with the iron safe clause rendered the policy wholly void. Notwith-

412

standing the dictum in Bennett v. Cosmopolitan Fire Insurance Company (C.C.A.) 50 F.(2d) 1017, to the effect that breach of a chattel mortgage clause in a fire policy would not avoid the entire policy, covering both dwelling and furniture for separately stated amounts, we think Wright v. Union Insurance Co., supra, controls in the instant case, wherein it appears that a single gross premium was charged for an aggregate amount of insurance in the sum of $4,500; that the three items of property were subject to the same risk or hazard; and that the policy provided for the insurance to be effective subject to a number of conditions, including the iron safe clause, which were made warranties by the insured and accepted as a part of the contract; the policy further providing that, in the event of failure to comply with said clause, it should become null and void, and that such failure should constitute a perpetual bar to any recovery thereon. The Third, Sixth, and Ninth Circuits seems to be in accord with this view; the Fourth, contrary. Fries-Breslin Company v. Star Fire Insurance Company (C.C.A.) 154 F. 35; Hartford Fire Insurance Company v. Jones (C.C.A.) 15 F.(2d) 1; Lawson v. Twin City Fire Insurance Company (D.C.) 2 F.Supp. 171; McKernan v. North River Insurance Company (D.C.) 206 F. 984; Downey v. German-Alliance Insurance Company (C.C.A.) 252 F. 701.

In this particular case we are fortified in our conclusion by the fact that this is a Georgia contract and the policy is held to be indivisible under the Georgia decisions. Southern Fire Insurance Company v. Knight, 111 Ga. 622, 36 S.E. 821, 52 L.R.A. 70, 78 Am.St.Rep. 216; Fields v. Queen Insurance Company, 31 Ga.App. 683, 121 S.E. 697; Johnson v. Sun Fire Insurance Company, 3 Ga.App. 430, 60 S.E. 118. Whether the contract is entire or severable is a question of intention to be determined from the language of the parties, in the light of all the surrounding circumstances. We have here no question as to a rule of the law merchant or as to any general principle of the law of insurance contracts, but merely "the meaning, the tacit implications, of a particular set of words," and, in case of doubt, in order to arrive at the intention of the parties we may look, not only to those words, but to the law of the particular state as announced by its highest court. Mutual Life Insurance Company v. Johnson, 293 U.S. 335, 55 S.Ct. 154, 79 L.Ed. 398.

If the appellee shall, within 20 days from this date, enter a remittitur of the amount awarded under policy No. 28; the judgment of the court below will be affirmed; otherwise, it will be reversed and the cause remanded. In any event, the costs of this appeal shall be assessed against appellee.