JENKINS *v.* NATIONAL UNION FIRE INSURANCE CO.

No. 13150. FEBRUARY 16, 1940.

*McElreath, Scott, Duckworth & DuVall,* for plaintiff.

*Smith, Smith & Bloodworth* and *Estes Doremus,* for defendant.

GRICE, Justice. "The contract of insurance should be construed so as to carry out the true intention of the parties." Code, § 56-815. The contract being in writing, the words thereof should be looked to in order to discover the intention of the parties. As was said by this court in *Southern Fire Insurance Co.* v. *Knight,* 111 *Ga.* 622, 632 (36 S. E. 821, 42 L. R. A. 70, 78 Am. St. R. 216) : "The question is, what have they agreed upon? If there was any room to doubt as to the intention of the parties, that construction which is most reasonable and most consonant with justice would be applied. But there is none. The parties have deliberately chosen to enter into an agreement whereby the policy shall be forfeited if the insured fails to do certain things; and he has failed to comply with this agreement. In such a case there is but one thing for the courts to do, and that is, to enforce the agreement as made." Judge Russell, in *Johnson* v. *Sun Life Insurance Co.,* 3 *Ga. App.* 430, 432 (60 S. E. 118), took occasion to remark that "An insurance company has the same right as the insured to agree, on its part, with the assured upon the terms of the contract, and the insurer is not bound beyond the terms of this agreement."

Did the parties in the instant case make one entire and indivisible contract, or two separate contracts, one covering the realty and the other the personalty, so that the invalidity as to one item will not affect recovery for loss on the other? The contract of insurance provides that "This entire policy . . shall be void," not that only one part of it shall be void, or that certain items insured will not be affected by the violation of the terms of the policy as to some others.

As to whether a writing such as the one before us is an entire or severable contract, the courts are not in accord. 26 C. J. 101, § 100. This diversity existed at the time the decision in *Southern*

*Fire Ins. Co.* v. *Knight,* supra, was rendered, as was there expressly recognized. There are three distinct rules on this subject. One is, that where the amount of insurance is apportioned to distinct items, but the premium paid is gross, the contract is entire. The second is that where the property insured consists of different items which are separately valued or insured for separate amounts, the contract is divisible, and a breach of warranty or condition as to one item will not affect the insurance on the remainder of the property, even though the premium be entire. There is still another line of decisions which take the view that where the property is so situated that the risk on one item can not be affected without affecting the risk on the other items, the policy must be regarded as entire; but where the property is so situated that the risk on each item is separate and distinct from the risk on the other items, so that what affects the risk on one item does not affect the risk on the others, the policy must be regarded as severable. Under the latter rule, if a building and the furniture or contents therein are insured, and there is a breach of condition respecting one item, this relieves the insurer from liability for all; the breach of the condition increases the hazard as to all the items. The suggestion is made in 26 C. J. 102, § 100, that many of the apparently conflicting decisions may be explained and reconciled on the theory advanced by some authorities that "neither the entirety of the premium nor the separate valuation of the items insured is the controlling factor, but that the question is to be determined with reference to the character of the risk as entire or divisible, the rule being laid down that where the property is so situated that the risk on one item can not be affected without affecting the risk on the other items, the policy should be construed as entire and indivisible; but that where the property is so situated that what affects the risk on one item does not affect the risk on the others, the policy must be regarded as severable and divisible. In a number of the cases the facts were such as to bring them within the rule last stated, and to make it evident that the divisibility of the risk was the underlying principle of the decisions, although they do not expressly so state."

We regard the case of *Southern Fire Insurance Co.* v. *Knight,* supra, as sound. It is supported by abundant authority. As stated by the Court of Appeals, the list of cases appearing in the cer-

tified question as supporting the ruling in the *Knight* case is not exhaustive. While it does not appear in the *Knight* case, as it does in the instant case, that the rate of insurance premiums was fixed in the policy, to wit, a named rate per hundred dollars of insurance, nevertheless the reasoning of the *Knight* case and the line of authorities cited in support of the ruling there made, it seems to us, lead to the conclusion that merely because the rate is named at so much per hundred dollars does not make the contract divisible. See also *Johnson* v. *Sun Fire Insurance Co.*, supra; *Fields* v. *Queen Insurance Co.*, 31 *Ga. App.* 683 (121 S. E. 697), and the Georgia case of National Ben Franklin Fire Insurance Co. *v.* Stuckey, 92 Fed. (2d) 411, decided by the United States Circuit Court of Appeals for the Fifth Circuit. In the case before us we have a single premium and both items exposed to the same hazard. Any circumstance or increase in hazard that affects the risk of the one class of property insured also affects the other. As pointed out by the text-book writers, the insured might have secured separate policies on the two items. He did not do so. For this insurance a single premium was paid at a single rate, in a lump sum. The contract is that "This entire policy"—not a part of it—"shall be void . . if the interest of the insured be otherwise than unconditional and sole ownership." For the courts to rule that only a part of the policy is void where there was not a sole and unconditional ownership of the building (assuming that there was a sole and unconditional ownership of the furniture and fixtures) would be to make a new contract for the parties. This we have no power to do.

To the first question submitted by the Court of Appeals the answer is that under the circumstances stated the policy is voided in its entirety. To the second question the answer is that the fact that the premium is payable at a named rate per hundred dollars of insurance, although in a lump sum, is not pertinent, in the sense that such fact is controlling, in determining whether the contract of insurance is entire or divisible.       *All the Justices concur.*