### MEEKS v. TAYLOR et al.

### TAYLOR et al. v. MEEKS.
### No. 10733.

Circuit Court of Appeals, Fifth Circuit.
Oct. 20, 1943.

Rehearing Denied Dec. 3, 1943.

McCORD, Circuit Judge, dissenting.

Benj. E. Pierce, of Augusta, Ga., and L. E. Heath, of Douglas, Ga., for appellant and cross-appellee Amy Meeks.

J. S. Dorsey Blalock and Larry E. Pedrick, both of Waycross, Ga., for appellees and cross-appellants.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

SIBLEY, Circuit Judge.

Mrs. Amy Meeks sued to cancel as a cloud on her title a recorded oil lease dated April 14, 1937, signed with her name, covering three adjoining tracts of land in Coffee County, Georgia, one containing 245 acres, the second 8.6 acres, and the third 106 acres. The land was granted for ten years, and so long as oil, gas, or other minerals should be produced, for a small cash payment and a one-eighth royalty, and a delay rental if drilling was not done within twenty-four months. The purported lessee and several partial assignees were defendants. She alleged she was the owner of the title to the lands, and in possession; that she had not executed the lease nor authorized its execution, and she prayed that the lease be cancelled and her title quieted. The answer admitted that before the lease

she was the owner of the lands and minerals, and was still in possession, but asserted the lease was valid and the lessees had expended much money under it in making surveys and tests for oil over a large area which included plaintiff's lands; but being informed by their agent, now deceased, that plaintiff was contending she had not intended to include in the lease the 106 acre tract, and could get $318 from other parties for a lease on it, defendants had authorized their agent to pay her the $318 she was contending for, but the agent died before consummating the matter; that the only relief she was entitled to was the payment of the $318 which defendants stand ready to pay. Their prayer was that the lease be decreed valid, and that defendants be allowed to pay into court for the use and benefit of plaintiff the $318 with interest from June 15, 1939. The answer was amended by adding allegations that within twenty-four months of the execution of the lease and before the date when delay rentals became due for want of drilling on her land, she had leased the 106 acres to another, and had repudiated the lease to defendants and demanded its cancellation on the ground that the 106 acres was included by error and not by her authority; the bank into which the delay rentals were by the terms of the lease to be paid refused to act, and the lessees asked plaintiff to designate another bank as the lease provided, but she had failed to do this; that plaintiff requested the payment of the $318 additional, advising that it would satisfy her in every respect, and defendants agreed to pay it, but she made still another lease on tracts 1 and 2 before it could be paid. It was also alleged that on May 29, 1941, plaintiff and her husband had borrowed money on the security of the tracts 1 and 2, and in the security deed had expressly mentioned and described the lease to defendants and stated the conveyance was subject to the lease, and had expressly transferred and assigned to the lender all rights, royalties, bonuses, dividends and other income that might accrue by reason of the lease, and that this was a formal ratification of the lease; the accrued rentals, in the sum of $80, were prayed to be allowed paid into court to be awarded to the proper person. The plaintiff answered this amendment, admitting the execution of the security deed, and that it conveyed the tracts 1 and 2 in the lease, expressly subject to the lease, and assigned all rights and royalties under the lease to the lender, but averring that this was not intended as a ratification of the lease, that the lessee was not a party to the transaction, and that the loan had been repaid and the security deed surrendered and cancelled. The record does not show that any response was made touching the $318.

On a trial of these issues without a jury the court made findings of fact and concluded that the lease ought to be sustained as to tracts 1 and 2, but cancelled as to tract 3, chiefly because tracts 1 and 2 had belonged to plaintiff's husband and were by him conveyed to her probably in fraud of his creditors, and these tracts had since been treated as his, but tract 3 had been purchased with her money and managed by her, and the husband had signed the lease on all three tracts in her name without her knowledge or consent, and she had repudiated his act as to tract 3, though saying she was willing for the lease to stand as to the other tracts. Neither side was content with this decision, and both appeal.

If the title of Mrs. Meeks to tracts 1 and 2 was void as to the creditors of her husband, as between him and her it was entirely valid, as the pleadings admit. She had title to all three tracts, and she alone could convey an interest in any of them. Her husband's signing her name to the lease without her authority did not bind her at all. She could repudiate the whole lease, as she soon did. Her silence for a time after knowledge, and her oral expressions of willingness that the lease stand as to tracts 1 and 2, were not a sufficient ratification in Georgia of a conveyance of an interest in land. McCalla v. American Freehold Mortgage Co., 90 Ga. 113, 15 S.E. 687. There was, as the court below held, no improvement of any of this land, or any expenditure of money on it, on the faith of this lease encouraged by Mrs. Meeks, which would estop her. She was not bound by the lease until on May 29, 1941, she borrowed money using the lease as part security. The deed she then signed was a solemn act in writing, duly attested and recorded. It not only recited the existence of the lease, referring to its place of record, and that the land was conveyed subject to it, but also transferred the rents and royalties which might accrue under it. There could be no rents and royalties unless the lease was in force, and her conveyance of them necessarily meant that she adopted the lease and ratified it. She

could not thus accept its benefits without accepting also its burdens. Humble Oil & Ref. Co. v. Clark, 126 Tex. 262, 87 S.W. 2d 471; Turner v. Hunt, 131 Tex. 492, 116 S.W.2d 688, 117 A.L.R. 1066.

■ The whole unauthorized act of her husband must be adopted if any part of it is. Georgia Code, § 4-302. This lease, while of three tracts, is entire and not severable. There was a single unapportioned cash consideration, a single royalty and rent, a drilling to be done on any part of the land. The rental is declared to be based on 359 acres, whether there are actually more or less. No provision indicates that there was other than a single lease of the 359 acres. The lease must stand or fall as a whole, unless changed by mutual consent. Broxton v. Nelson, 103 Ga. 327, 30 S.E. 38, 68 Am.St.Rep. 97; United States v. Bethlehem Steel Corporation, 315 U.S. 289, 62 S.Ct. 581, 86 L.Ed. 855; Jenkins v. National Union Fire Ins. Co., 189 Ga. 685, 7 S.E.2d 268, 129 A.L.R. 648; Carlton v. Moultrie Banking Co., 170 Ga. 185, 152 S.E. 215.

■ It is immaterial that the lessee was not a party to the making of the security deed. He was affected by it, for he was fully bound by the lease so soon as Mrs. Meeks ratified it, and he was obligated to pay the rents and royalties to her assignee. The ratification related back to the making of the lease, which took effect as though originally authorized. Georgia Code, § 4-303. And it is also immaterial that the security deed was afterwards discharged by payment of the secured debt and cancelled. "A ratification once made may not be revoked." Georgia Code, § 4-303. Mrs. Meeks by making the security deed irrevocably ratified the lease in its entirety.

■ But she is entitled to receive the accumulated rentals due under it, and the $318 which the defendants plead they agreed to pay her for a ratification. Although she had sued them for a cancellation, they tendered this money into court, as justly owing to her. The decree should award it to her. She should pay the costs both in the trial court and this court. We will modify the decree as above indicated, and as modified will affirm it.

Modified and affirmed.

McCORD, Circuit Judge (dissenting).

I agree with the majority that the lease must stand or fall in its entirety and that there can be no partial ratification or repudiation of it.

On the question of recognition and ratification of the lease, the citations of authority in the majority opinion clearly and correctly state the law. Also see Clark & Skyles on Agency, vol. 1, p. 332, § 140(f). I think, however, those principles have not been correctly applied to the peculiar facts of this case.

Here an agent of the appellee sought out the husband of the appellant and for the cash consideration of one dollar secured a purported oil and gas lease covering three tracts of land belonging to appellant. After an agreement had been reached with the husband, he took the lease into the house and later returned and informed appellee's agent that Mrs. Meeks had signed it. The agent signed the instrument as a witness and secured a notary public to certify to an acknowledgment of its execution. It is admitted that neither the agent nor the notary public saw Mrs. Meeks sign the lease. Indeed, it is without dispute that she did not sign the lease, that she was not at home at the time, and that her name was written by her husband who had no authority to sign for her. In about three weeks Mrs. Meeks found out about the lease. She at once notified the lessee that the lease was a forgery; that she had not signed it or authorized its execution; and that she repudiated it. Mrs. Meeks thereafter made arrangements for two leases on the property, but the prospective lessees refused them when they learned that a lease covering this property had been recorded. She later secured a loan of $1,200 from the Land Bank. She could not effect this loan with the unauthorized lease sticking out on the record like a sore thumb, so she recognized the lease in the security deed and assigned to the bank all rights under it.

After the loan had been consummated, the appellee came forward with its forged instrument and offered to pay a rental and a certain sum of money which it did not owe to Mrs. Meeks and which had never been the subject of a contract with her. When the payment was refused by appellant, the money was paid into court. Appellant thereby, notwithstanding the forgery of Meeks, the false witnessing of its agent and his improper procurement of the Notary's certificate, sought to make the invalid lease a valid one by virtue of the recognition contained in the security deed from Mrs. Meeks to the Land Bank. When

appellee sought to have the lease recognized, Mrs. Meeks immediately paid off the security deed.

Any recognition of the forged lease was made solely for the purpose of securing a loan, and was made in the contract between Mrs. Meeks and the Land Bank—a contract to which appellee was not a party. There was no communication by Mrs. Meeks to appellee of a recognition or ratification of the lease, and no benefit of any kind flowed from appellee to Mrs. Meeks, who has never received, or agreed to receive, one cent as compensation for the lease.

On this record I think it clear that so long as the forged lease was of record Mrs. Meeks could not lease or sell her land, and no matter how great or urgent her need she could not sell or mortgage the properties without making such conveyances subject to the forged instrument.

Appellee knew full well that the lease was forged and invalid and that its own agent had participated in its procurement, and I think that to permit it to come in and claim that the security deed in favor of the bank, and to which it was not a party, amounts to affirmance and ratification of the fraud, is in effect to permit it to gain an advantage by its own wrong.

No benefit has flowed from appellee to Mrs. Meeks, and on the facts I think this case stands apart from those cited in the majority opinion. I am of opinion the lease should be declared void in its entirety. I respectfully dissent.