## 275. POWELL v. COMMONWEALTH INSURANCE CO.

In view of the peculiar phraseology of the covenant of warranty employed in the "iron-safe clause" in the policy in this case, and of the evidence that there was a breach of the personal warranty of the insured, the contract was avoided and it was not error to award a nonsuit.

Action on insurance policy, from city court of Atlanta—Judge Calhoun. September 26, 1906.

Argued April 8, 1907.—Decided January 27, 1908.

*William Faircloth, Hines & Jordan,* for plaintiff.

*W. I. Heyward,* for defendant.

RUSSELL, J. The plaintiff insured with the defendant company "his stock of merchandise consisting of dry goods, provisions, groceries, notions, and other merchandise not more hazardous, such as usually kept for sale in such stores." By a provision of the policy it was to be voided if fireworks were allowed in the above premises. There was evidence that early in December, shortly after the issuance of the policy, a lot of fireworks which had been ordered, but had not been received prior to that time, were stored in the storehouse in question and sold, during the Christmas holidays, by the plaintiff in error. In rebuttal of this proof the plaintiff in error introduced evidence showing that it was customary for such stores to contain fireworks at that period of the year. By far the greater portion of the discussion, both in the oral argument and in the briefs of counsel, was confined to the effect of the provision in the policy recited, its apparent violation by the keeping of fireworks, and the effect of custom in preventing what would otherwise be an avoidance of the policy.

We think the question as to whether fireworks were or were not more hazardous than the articles specified in the policy, as well as that as to whether the written description covered 'fireworks and whether they were excepted by reason of the fact that the insurer, at the time of the issuance of the policy, was aware of a general custom paramount to the stipulation of the contract, should each have been submitted to the jury; and if these had been the only questions involved, we should hold the grant of a nonsuit to be erroneous. None of these questions, however, need be· considered in this case, for the reason that the nonsuit was required by the provision of the policy under which the insured bound himself,

by what is known as an iron-safe clause, to keep the books and inventory specified in said iron-safe clause securely locked in a fireproof safe at night and at all times when the store or other place of keeping such merchandise or other personal property was not actually open for the transaction of business. It is further stipulated in the iron-safe clause in this particular policy, that "in case of failure of the assured to keep . . a fireproof safe, or in case of failure on the part of the assured to. keep such books securely locked in such safe, then this policy shall be null and void, and no suit or action thereon shall be maintained." It is well settled that such covenants are personal warranties. The evidence does not disclose that the defendant had an iron safe, but it does disclose that his books were not kept in it nor contained in it at the time of the fire.

Under the peculiar phraseology of the covenant of warranty employed in the iron-safe clause involved in this case, and the evidence that there was a breach of the personal warranty of the assured, a nonsuit was inevitable. In *Johnson* v. *Sun Insurance Co.*, ante, 430 (60 S. E. 118), the writer has already expressed his personal disapproval of the policy which allows insurers of our State to be discriminated against, while other jurisdictions declare void policies of insurance containing such stipulations. The ruling, however upon this subject has been uniform in this State, and the trial judge acted in conformity with the authorities cited in the *Johnson* case, supra.                    *Judgment affirmed.*