8312.   CHEROKEE BRICK COMPANY *v.* OCEAN ACCIDENT AND
GUARANTEE CORPORATION LIMITED.

JENKINS, J. This was a suit based on an insurance policy issued to indemnify against loss resulting from accidents to employees of the assured while engaged in work usual in the manufacture of brick, and in other operations also written into the policy as being inci-

dent thereto, including the digging of clay, in which policy, after the printed words, "No explosives are used except as follows," appear the typewritten words "No exceptions." The petition alleged, that the accident to the employee "occurred while he was in the act of discharging a gun charged with powder, known as a muzzle-loaded gun, into the firebox of one of the brick kilns at the plant of petitioner, for the purpose of blowing out the soot which had accumulated in said kiln; that the use of a gun charged with powder as aforesaid is a necessity incident to the conduct of petitioner's business, and the firing of said gun charged with powder as aforesaid was necessary to remove the soot which occasionally accumulated in said kilns and interfered with the manufacture of said brick;" that "the use of powder as aforesaid or some explosive is a necessary and usual incident in the manufacture of brick in removing soot from kilns." A general demurrer to the petition was sustained. *Held:* A contract of insurance should be so construed as to avoid forfeiture, if possible, and to carry out the true intention of the parties, according to the natural and reasonable meaning of the language used, viewed in the light of the attendant circumstances. Civil Code (1910), § 2475; *Clay* v. *Phœnix Insurance Co.*, 97 *Ga.* 44 (25 S. E. 417). It should not be construed otherwise than as literally expressed, unless, when so viewed, its substantial purpose should so require. *Johnson* v. *Clarke*, 22 *Ga.* 541. The plaintiff should have been allowed to show that such explosive was so used only in such manner and to such extent as was a customary, usual, and necessary incident to the manufacturing of brick; and that such occasional and necessary use must therefore have been in contemplation of the parties at the time the warranty relating to the non-use of explosives was made and accepted. Upon such facts being satisfactorily shown, it will not be presumed that the insurer accepted the premium and issued the policy with full knowledge of its inevitable forfeiture by reason of the necessary breach of the warranty contained; but the issuance of the policy with such implied knowledge amounted to a waiver of the warranty to the extent indicated; and under such circumstances the true purpose and intent of the statement embodied must be construed as a warranty that explosives would not be employed in the mining and digging of clay, or otherwise in the conduct of the business, not known by the insurer as necessarily incident thereto. *Maril* v. *Connecticut Fire Ins. Co.*, 95 *Ga.* 604, 612 (23 S. E. 463, 30 L. R. A. 835, 51 Am. St. R. 102); *Powell* v. *Commonwealth Ins. Co.*, 3 *Ga. App.* 436 (60 S. E. 120); Thompson *v.* Equity Fire Insurance Co., 3 B. R. C. 1, with annotations.

*Judgment reversed.   Wade, C. J., and Luke, J., concur.*

DECIDED JANUARY 30, 1918.

Action upon indemnity-insurance policy; from Bibb superior court—Judge Mathews. December 9, 1916.

*Hatcher & Smith,* for plaintiff.

*Harris, Harris & Witman,* for defendant.