### 10186.  BUSSEY *v.* GRANTHAM & SON.

1. Where the clerk of the trial court transmits to this court a bill of exceptions, and certifies that solely on account of the pressure of business in his office he was unable to transmit the record sooner, and from the certificate it does not appear that the plaintiff in error or his counsel caused or contributed to the delay or was in any way at fault, a motion to dismiss the bill of exceptions because of delay in transmission will be overruled. *Fricker* v. *Americus Manufacturing & Improvement Co.,* 124 *Ga.* 165 (3) (52 S. E. 65).

(a) Where the clerk has certified the cause of the delay in transmitting the record, a second certificate by him, contradictory of his first, is, in effect, aliunde evidence, and will not be considered by this court. *Hancock* v. *Cloud,* 65 *Ga.* 209 (2). See also *Cordray* v. *Savannah Union Station Co.,* 134 *Ga.* 865 (68 S. E. 697).

2. The verdict for the plaintiff was unauthorized by the evidence.

                                  DECIDED MAY 7, 1919.

Complaint; from Calhoun superior court—Judge Harrell. April 18, 1918.

*C. J. Taylor,* for plaintiff in error.   *E. L. Smith,* contra.

BROYLES, P. J. . This was an action against the alleged agent

of an "unauthorized" fire-insurance company, under sections 2443 and 2445 of the Civil Code of 1910. The suit was based upon an insurance policy, a copy of which was attached to the petition, and the petition alleged that the petitioners had "complied with the terms of said policy all the way through." This allegation was denied in the defendant's answer; consequently the burden was upon the plaintiff of establishing its truth. Among the printed conditions upon the face of the policy was the following: "This entire policy . . shall be void, if . . there be kept, used, or allowed on the above-described premises . . fireworks." It was also provided in the policy that "This policy is made and accepted subject to the foregoing stipulations and conditions."

Upon the trial the only witness introduced for the plaintiff was a member of the plaintiff firm, who, upon the question of having fireworks in the store (the building containing the property insured), testified as follows: "There were no fireworks; no, sir. I did not have fireworks. I did not have fireworks there at the store, that I know of." (Q.) "You mean to say that you did not have any fireworks at all?" (A.) "No sir, none that I know of. There were no fireworks in there just before sundown that afternoon, that I know of." (Q.) "Did you not get some fireworks on a wagon that came from Edison with some goods?" (A.) "Well, the wagon brought the goods from Edison. Well, I would not be positive to say there were no fireworks in there." Under the familiar rule that in a case where the plaintiff's or the defendant's testimony is contradictory in itself, vague, or equivocal, it must be construed most strongly against him, this evidence was not sufficient for the jury to find that no fireworks were kept in the store. Moreover, the undisputed evidence of a witness for the defense showed that on the Christmas night on which the fire occured and prior to the fire, there were some fireworks inside the store. The witness said: "I don't know how many, just about the usual stock for a country store through the Christmas times, which he had there for sale."

Under the provisions of the policy and the foregoing evidence, the verdict for the plaintiff was unauthorized, and the court erred in overruling the general grounds of the defendant's motion for a new trial. In view of this ruling it is unnecessary to consider the special grounds of the motion for a new trial.

*Judgment reversed. Bloodworth and Stephens, JJ., concur.*