## 14457. CLARK *v.* FIRE ASSOCIATION OF PHILADELPHIA.

The evidence having failed to show compliance with the warranty known as the "iron-safe clause," the plaintiff was not entitled to recover on the policy sued upon, and a nonsuit was properly granted.

DECIDED OCTOBER 3, 1923.  REHEARING DENIED NOVEMBER 15, 1923.

Action on fire-insurance policy, from city court of Thomasville— Judge Hammond. December 21, 1922.

Certiorari was granted by the Supreme Court.

*Titus & Dekle,* for plaintiff.

*Smith, Hammond & Smith, L. S. Moore,* for defendant.

BLOODWORTH, J. This was a suit on a fire-insurance policy upon a stock of merchandise and store furniture and fixtures. The insurance policy was issued March 22, 1921, and contained the following: "Warranty to keep books and inventories and to produce them in case of loss. The following covenant and warranty is hereby made a part of this policy: 1. The assured will take a complete itemized inventory of stock on hand at least once in each calendar year, and, unless such inventory has been taken within twelve calendar months prior to the date of this policy, one shall be taken in detail within 30 days of issuance of this policy, or this policy shall be null and void from such date, and upon demand of the assured the unearned premium from such date shall be returned. 2. The assured will keep a set of books, which shall clearly and plainly present a complete record of business transacted, including all purchases, sales, and shipments, both for cash and credit, from date of inventory, as provided for in first section of this clause, and during the continuance of this policy. 3. The assured will keep such books and inventory, and also the last preceding inventory, if such has been taken, securely locked in a fireproof safe at night, and at all times when the premises mentioned

in this policy are not actually open for business; or, failing in this, the assured will keep such books and inventories in some place not exposed to a fire which would destroy the property hereby insured. In the event of failure to produce such set of books and inventories for the inspection of this company, this policy shall become null and void, and such failure shall constitute a perpetual bar to any recovery thereon." The only evidence specifically mentioned in the record as having been introduced at the trial was "two inventories of the stock of goods alleged to have been destroyed, taken respectively November 25, 1920, and November 24, 1921." The bill of exceptions shows that when the plaintiff closed his case the defendant "moved orally to nonsuit said cause, upon the ground that the plaintiff's evidence showed that he had failed to comply with ground 3 of the warranty to keep books and inventories and to produce them in case of loss, and that his failure to keep the last preceding inventory securely locked in a fire-proof safe at night, and to produce such inventory for the inspection of the company, showed a noncompliance, and that such failure rendered the policy null and void; which motion the court allowed, granting a nonsuit and dismissing the plaintiff's case, solely upon this one ground, upon the court's construction of · the insurance policy." As the evidence fails to show compliance with the foregoing warranty, we think the construction placed upon the insurance contract by the presiding judge was correct, and that a nonsuit was properly awarded. See *Hester* v. *Scottish Union and National Ins. Co.*, 115 *Ga.* 454 (41 S. E. 552) ; *Scottish Union & Nat. Ins. Co.* v. *Stubbs*, 98 *Ga.* 754 (27 S. E. 180) ; *Johnson* v. *Sun Fire Ins. Co.*, 3 *Ga. App.* 433, 434 (60 S. E. 118) ; *Farmers Mutual Fire Asso.* v. *Steed*, 20 *Ga. App.* 331 (93 S. E. 75), and cases cited.

    *Judgment affirmed. Broyles, C. J., and Luke, J., concur.*