29042. FIREMEN'S INSURANCE COMPANY *v.* HAMBY.

DECIDED NOVEMBER 22, 1941.

B. C. Hays, MacDougald, Troutman & Arkwright, Dudley Cook, for plaintiff in error.

P. Z. Geer, N. L. Stapleton, contra.

FELTON, J. (After stating the foregoing facts.)

1. The court erred in charging the jury as follows: "The court charges you the principal shall be bound by all the acts of his agent within the scope of his authority; the principal may not ratify in part and repudiate in part; he shall adopt either the whole or none. The court charges you that a ratification by the principal shall relate back to the act ratified, and shall take effect as if originally authorized. A ratification may be express, or implied from the acts or silence of the principal. A ratification once made may not be revoked." There was no evidence to authorize such a charge, and no contention on the part of the plaintiff that the defendant had ratified any unauthorized act of the local agents who had written the policy sued on.

2. There is no merit in special ground 2 of the motion.

3. The court erred in submitting to the jury the issues as to damages and attorney's fees.

4. It was error to overrule the general grounds of the motion for a new trial. The evidence showed that the iron-safe clause had been violated. The plaintiff testified: "I kept the McCaskey machine, that is the place you file tickets. That is the only bookkeeping I had. I didn't have any record of cash sales and credit sales. . . As to that question, 'You didn't keep any books at all?' I answer, no, sir. . . I kept a filing machine that I kept tickets in." Scottish Union & National Insurance Co. v. Stubbs, 98 Ga. 754 (27 S. E. 180); National Fire Insurance Co. v. Hornbuckle, 47 Ga. App. 762 (171 S. E. 468); Everett-Ridley-Ragan Co. v. Traders Insurance Co., 121 Ga. 228 (48 S. E. 918, 104 Am. St. R. 99); Southern Fire Insurance Co. v. Knight, 111 Ga. 622 (36 S. E. 821, 52 L. R. A. 70, 78 Am. St. R. 216); Royal Exchange Assurance Co. v. Gilmore, 18 Ga. App. 515 (89 S. E. 1047); Powell v. Commonwealth Insurance Co., 3 Ga. App. 436 (60 S. E. 120); Continental Insurance Co. v. Binford-Sutton Drug Co., 33 Ga. App. 111 (125 S. E. 384); Fields v. Queen Insurance Co., 31 Ga. App. 683 (121 S. E. 697); Hanover Fire Insurance Co. v. Wood, 209

Ala. 380 (96 So. 250) ; Jones *v.* Ætna Insurance Co., 201 Ill. App. 142; Hughes *v.* Ætna Insurance Co., 148 Tenn. 293 (255 S. W. 363).

The evidence also showed that the fireworks provision of the policy had been violated. A custom in Colquitt, where the plaintiff did business, known to the agents, would not affect the case because of the provisions in the policy which provided to the contrary. There was no evidence which would authorize the finding that the knowledge that the plaintiff kept fireworks was present in the minds of the agents writing the policy at the time of its writing. Hence there was no waiver of this provision. Mr. Paul Douglas testified for the defendant that in making a list of merchandise Mr. Hamby had listed 92 boxes of firecrackers, and that he saw them himself. The plaintiff testified: "I had some firecrackers in the store in the year 1938, the year the fire occurred. Mr. G. C. Jinks is a member of the insurance firm of Harrell & Jinks. He was a member in 1938. Mr. Jinks came into my store in 1938. He was in my store the first part of the year 1938. We had firecrackers in the store in the year 1938, the same firecrackers that were in there when the fire occurred. Mr. Jinks came in the store and picked up those firecrackers, . . along about the first part of 1938. . . He was financing me at that time. . . It was before March 1st of that year." H. L. Harrell testified: "At the time I issued the policy in this case I did not know to my knowledge that Mr. Hamby had been keeping on hand fireworks. . . I have seen them on display and for sale, but I can not say when it was. . . I would not attempt to say what year. I have seen them there since we started handling his insurance. . . When I wrote the insurance policy it was not present in my mind that Mr. Hamby carried fireworks." Mr. G. C. Jinks testified: "My firm issued the policy to Mr. Hamby. . . I remember seeing fireworks in there but I do not remember the exact time. I don't remember what year it was, but it seems to me it was shortly after Christmas. . . I asked him what he was doing with firecrackers. I didn't have that in mind when the contract was issued. I didn't know about the clause about the fireworks until this suit came up." *Bussey* v. *Grantham,* 23 *Ga. App.* 708 (99 S. E. 236) ; *Powell* v. *Commonwealth Insurance Co.,* supra.

The plaintiff contends that the fact that the company destroyed

a part of the original policy authorizes the inference that the iron-safe clause was not contained in the original policy. Under the circumstances of this case this contention is not well founded. The petition has attached thereto an alleged copy of the original policy, which copy contained the iron-safe provision. This allegation was never stricken from the petition, and so long as it remained the plaintiff could not deny it. The plaintiff introduced in evidence a fire-insurance daily report, prepared and kept by the agents who had written the policy, which report was identical with much of the copy of the policy attached to the petition and which report contained the iron-safe clause. The defendant introduced a copy of the policy which was identical with the substantial parts of the copy attached to the petition, and this evidence was not objected to by the plaintiff. H. L. Harrell testified: "Our firm issued the policy sued on. . . That is a carbon copy of that policy issued by the Firemen's Insurance Company to Mr. Hamby. . . I would not have those papers unless I had issued the policy. . . So far as I know that is the exact copy of the policy that was issued to Mr. Hamby. . . The form that I hold in my hand is the form now used, checks word for word with the form attached to these papers. . . I have not received any word that the standard form has been changed since the policy in this case was issued." This conclusion is not altered by the facts that the company destroyed the part of the policy containing the iron-safe clause; that the company was notified to produce the original; that counsel for plaintiff stated in open court that plaintiff was not admitting or conceding that the copy of the policy furnished by the company was a true and correct copy of the original policy.

These rulings substantially cover the points made. The court erred in overruling the motion for new trial.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*