Isidob Wassebvogel,
Spec. Ref. Plaintiffs seek a declaratory judgment determining that defendant, pursuant to the terms of a personal liability policy issued by it, is under a legal duty to defend plaintiffs and save them harmless from any judgment which may be obtained against them in a pending negligence action, to the extent of the coverage set forth in said policy.
On or about October 12,1955, a young boy of 9 or 10 entered plaintiffs’ premises to retrieve a ball with which he had been playing. At this time, plaintiffs kept a boxer dog on a chain in their back yard. On the boy’s second attempt to retrieve his ball, the dog broke loose from his chain, chased the boy off the premises into the adjoining back yard and then bit him. Subsequently, the boy and his father instituted a negligence action against plaintiffs herein. Plaintiffs called upon defendant to represent them in accordance with the terms of the personal liability policy which defendant had previously issued to plaintiff Anna Piliero Moldovan. Defendant, however, tersely advised them that they were not insured, since they 1 ‘ had no dog hazard *86 coverage,” and refused to defend them in the lawsuit, whereupon the instant action was commenced.
On the date of the dog bite occurrence, there was in effect Policy No. 184,595, issued by defendant, covering “ Bodily Injury Liability” on the “ Premises ” of plaintiffs. It is conceded -by plaintiffs that they did not pay a premium for, nor do they claim coverage by virtue of Division 5 of said policy which specifically covers the hazard listed therein as “Dogs and Horses — The ownership, maintenance or use”. It is plaintiffs’ contention that they paid for and were covered for hazards which occurred on their “premises,” as set forth in Division 2 of said policy. The “premises hazard” is defined in the policy as imposing liability on defendant for payment of damages resulting from any injury arising out of ‘ ‘ The ownership, maintenance or use * * * of [plaintiffs’] premises and the ways immediately adjoining and all operations necessary or incidental to such purposes.” (Emphasis added.)
At the outset, it must be noted that this court is not determining, nor is it as this time concerned- with the issue of plaintiffs’ negligence, The only question to be resolved here is whether plaintiffs are covered by the terms of defendant’s policy pursuant to the provisions of Division 2 thereof. In the opinion of the court, there is no merit to defendant’s contention that merely because plaintiffs did not pay for the special coverage afforded by Division 5, ‘ ‘ Dogs and Horses, ’ ’ they were not covered by the policy for any act of negligence resulting from keeping a dog on their premises. Defendant’s argument that a dog is an animate object rather than an inanimate object and, thus, not within the contemplation of a hazard covered by Division 2, is specious. If this argument were to prevail, defendant could have and should have stated in its policy that “ Premises ” coverage set forth in Division 2 thereof does not apply to any act arising out of a hazard created by an animate object such as a horse, dog or other pet enumerated in other divisions. The policy, however, is in the standard liability form, prepared by the insurers and, therefore, must be construed most favorably to the insured (Matthews v. American Cent. Ins. Co., 154 N. Y. 449, 456-457; Goldman v. Insurance Co. of North America, 194 App. Div. 266, 267, affd. 232 N. Y. 623).
An analysis of the policy indicates that Division 5 relied upon by defendant, merely extended liability coverage to acts of injury committed by a dog a/nywhere at all, regardless of Where the act of negligence originated which resulted in such *87 injury. It still remains to be determined, however, whether, in the absence of such extended coverage, plaintiffs are entitled to be held harmless under the provisions of Division 2 covering hazards on the premises, inasmuch as it is conceded by plaintiffs that the dog bite for which they are being sued took place on adjoining premises rather than on their own property.
Paragraph 7 of the complaint in the negligence action instituted against plaintiffs and paragraph 5 of the bill of particulars served upon them set forth the following claims:
‘ ‘ 7. That the said occurrence and injuries resulted from the negligence of the defendants 5 * * in failing to maintain the premises occupied by them in a safe condition; in failing to exercise adequate and suitable supervision over the same-, in utilizing the services of the said vicious dog to guard the said premises ”. (Emphasis added.)
“ 5. The defendants were negligent in that they failed or neglected to maintain their property properly, in failing to keep an adequate harness on a vicious dog which they had on their premises. They were further negligent in keeping a dog of known vicious propensities on their premises.” (Emphasis added.)
Thus, it is apparent from the aforesaid provisions of the complaint and bill of particulars that the gravamen of the negligence action brought against plaintiffs is their alleged negligent maintenance of their premises. In the opinion of the court, this hazard is clearly covered by Division 2 of defendant’s policy.
Contrary to defendant’s contention, the mere fact that the ultimate and final injury occurred on premises adjoining plaintiffs’ does not, ipso facto, relieve them of liability under Division 2. The criterion here is not the place where the ultimate act of injury was consummated, but is the place where the act of negligence was initiated, originated or occurred. That place is plaintiffs’ premises, insured by the terms of Division 2 of defendant’s liability policy. If, for example, a part of plaintiffs’ roof blew off as a result of their negligent maintenance of the premises and struck a passerby on the adjacent property, defendant could not deny coverage merely because the ultimate injury occurred off the premises, inasmuch as the original act of negligence started on plaintiffs’ premises. The same logic applies to the dog bite incident involved herein. It was one continuous act, from the inception of the alleged negligence to the resulting injury of the boy.
*88 Defendant has conceded in its brief submitted to the court after trial that coverage would have been afforded plaintiffs by Division 2 of its policy in the event the dog had attacked the boy on plaintiffs’ premises on the theory that a claim could then have been made that the “ maintenance ” of plaintiffs’ “ premises ” on which the dog was kept was improper or negligent. This is the exact claim that plaintiffs face in the lawsuit which defendant has refused to defend. What defendant overlooks here is that the chain of events culminating in the dog bite originated on plaintiffs’ premises and was occasioned by plaintiffs’ alleged negligent maintenance of these premises. In the opinon of the court, there can be no distinction in defendant’s liability under Division 2 of its policy for the negligent maintenance of such premises when (a) the dog bite occurs on the premises as the result of such negligence and when (b) the same negligent maintenance of the premises is claimed but the terminal act of biting occurs off the premises.
Accordingly, judgment is rendered in favor of plaintiffs declaring that defendant is obligated under its policy to defend them and to pay any judgment within the limits of said policy that may be rendered against either or both of them in a pending negligence action in the Supreme Court, New York County.
Submit decree in accordance with the foregoing within 10 days on 3 days’ notice.
No costs are awarded.
The above constitutes the decision of the court as provided by the applicable provisions of the Civil Practice Act.