40509. HARTFORD ACCIDENT & INDEMNITY
COMPANY v. HULSEY.

DECIDED FEBRUARY 5, 1964—
REHEARING DENIED FEBRUARY 21, 1964.

*Wheeler, Robinson & Thompson, B. Carl Buice,* for plaintiff in error.

*Telford, Wayne & Greer, Jeff C. Wayne, Dent Bostick,* contra.

EBERHARDT, Judge. ■ "Every insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy and as amplified, extended, or modified by any rider, endorsement, or application made a part of the policy." *Code Ann.* § 56-2419. This, however, is to be done consistently with the well-settled rules that if the contract is ambiguous, the construction doubtful, or the provisions conflicting, all are to be construed against the maker or drawer of the instrument, and that the provisions of an insurance policy are to be construed strictly against the insurer. Cf. *Macon Auto Auction v. Georgia Cas. &c. Co.,* 104 Ga. App. 245, 249 (121 SE2d 400).

■ When the insurer invokes an exclusionary provision as applying to the event, it has the burden of showing it. *Darby v. Interstate Life &c. Ins. Co.,* 107 Ga. App. 409 (1) (130 SE2d 360). If the event is such that it is generally included in the insuring provisions as well as in the exclusionary provisions, it is not necessary that the plaintiff negative in his petition that it was an excluded event.

■ Applying these rules to the situation at hand, we conclude that the general demurrer was propely overruled. The general insuring provision in the Definition of Hazards appearing in the body of the policy is broad enough to include the kind of accident from which plaintiff suffered injuries. Moldovan v. U. S. Fidelity &c. Co., 15 Misc. 2d 85 (184 NYS2d 201), affd. 8 AD2d 607 (185 NYS2d 735). If there were any doubt as to that it would seem that the exclusionary provisions immediately following would make it certain, for there can hardly be any doubt that excluding liability for an accident arising out of the *use* of draft or saddle animals only *when it occurs away from the premises* would demonstrate that the accident was covered if it occurred on the premises.

No mention is made of the rider or endorsement in the body of the policy. No provision appears making it "designated in

the policy as subject to this endorsement." Consequently, when the endorsement itself carries this limiting application the conclusion is inescapable that the provision in it providing for no coverage of accidents from the use of draft or saddle animals "whether on or away from the premises" applies only, as the endorsement itself provides, to "the scope of any classification stated in the Schedule" of the endorsement—which is the matter of riding clubs. Nothing appears to indicate that the Woodmen of the World was operating a riding club.[2]

*Judgment affirmed. Bell, P. J., and Jordan, J., concur.*

---

[2]A riding club operation was insured and a construction of the policy provisions is found in Totten v. Underwriters at Lloyd's &c., 176 Cal. App. 2d 440 (1 Cal. Rptr. 520), and the club liability is dealt with in Talizin v. Oak Creek Riding Club, 176 Cal. App. 2d 429 (1 Cal. Rptr. 514).