## 56695. AMERICAN MOTORIST INSURANCE COMPANY et al. v. SUTTON.

McMURRAY, Judge.

Robert Sutton, doing business as Sutton Construction Company, purchased a back hoe, serial no. 37527, P & H, Model H-312, by and through General Electric Credit Corporation. Same was insured by American Motorist Insurance Company and Kemper Insurance Companies under policy No. AM-112-359. Sutton was shown on said policy as an "additional interest insured."

In October of 1974, while said policy was in force the back hoe was being operated by an agent of Sutton along the banks of the Ocmulgee River and was maneuvered into a creek bed or slough area approximately 40 feet from the bank of the river when it began sinking into the ground. The operator failed in his attempts to extricate the back hoe after it sank a number of feet. He left the scene to report the incident although at that time the back hoe was still operable although he had been unable to extricate it. Two days later the rains came, the river rose, the water came up and inundated the back hoe. All efforts to extricate had been to no avail before the heavy rains set in. Sutton then made a claim under the policy for the total purchase price of the back hoe. The insurer refused to pay, contending it was lost due to the sub-surface water and being covered by surface water which it contends it was not liable to pay due to exclusions in the policy.

Whereupon the plaintiff Robert Sutton, d/b/a Sutton Construction Company, sued the insurers for $55,000, the current fair market value of said property. In a separate count he sought a 25% penalty and reasonable attorney fees. The case proceeded to trial after a stipulation of facts as to the coverage and that the plaintiff was an "additional interest insured," and the policy was in force at the time of the events occurring leading to the litigation. The jury returned a verdict in favor of the

plaintiff in the amount of $38,398.98, and judgment was granted in that amount. Defendants moved for judgment notwithstanding the verdict or in the alternative that a new trial be granted. The same was amended and denied. Defendants appeal. *Held:*

1. When an insurer invokes an exclusionary provision in a policy of insurance as applying to an event it has the burden of showing that the facts come within the exclusion. *Gaynor v. Travelers Ins. Co.* 12 Ga. App. 601 (5) (77 SE 1072); *Darby v. Interstate Life &c. Ins. Co.,* 107 Ga. App. 409 (1) (130 SE2d 360); *Hartford Acc. &c. Co. v. Hulsey,* 109 Ga. App. 169, 171 (2) (135 SE2d 494); *Nationwide Mut. Fire Ins. Co. v. Collins,* 136 Ga. App. 671, 677 (222 SE2d 828).

2. Where there is a conflict in the evidence, questions as to the loss of, or damage to, the insured property such as to the cause and amount thereof, and whether or not the loss or damage to the insured property is within the risk of the policy or excluded therefrom, these issues are for jury determination. 46 CJS 645, Insurance, § 1374; *St. Paul Fire &c. Ins. Co. v. Postell,* 113 Ga. App. 862, 863-865 (149 SE2d 864); *Old Colony Ins. Co. v. Dressel,* 109 Ga. App. 465, 468 (136 SE2d 525).

3. There was conflicting testimony surrounding the loss of the insured machine which was specifically equipped to operate in muddy areas and swamps by having treads rather than wheels. The plaintiff presented evidence that at the time the machine initially started to sink and until it was beyond economical recovery its loss was not due to rain or underground water. Construing the other testimony the jury could have determined that the loss occurred due to the rising water or to underground surface water which would bring its loss within the exclusion. While the evidence was sufficient to authorize the jury to make a determination either for the plaintiff or the defendant the evidence did not demand a finding that the loss was within the exclusionary clause, and the trial court did not err in denying defendants' motion for judgment notwithstanding the verdict and in denying the motion for new trial in consideration of the general grounds.

4. The sequence of argument in defendants' brief

does not follow the enumerations of error. However, with reference to the objections to the charge as to the giving of certain written requests (Enumerations of error Nos. 4 and 9), no objection was made when a suitable opportunity to object was given as required by Code Ann. § 70-207 (Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078); *Lewis v. Noonan,* 142 Ga. App. 654, 656 (236 SE2d 900). As to written requests, objections may be made at some other time. *Continental Cas. Co. v. Union Camp Corp.,* 230 Ga. 8 (2), 16-17 (195 SE2d 417). However, no objection is found to these charges, and they will not be reviewed.

5. It is next contended that the trial court abused its discretion by refusing to submit special interrogatories to the jury as requested by the defendants since same were adapted to the evidence and the law of the case and were necessary in order for the jury to properly decide this complicated and complex question of contract interpretation. Code Ann. § 81A-149 (b) (CPA § 49; Ga. L. 1966, pp. 609, 656; 1967, pp. 226, 236; 1972, pp. 689, 696) clearly states that upon written requests by any party made on or before the call of the case for trial, "it shall be the duty of the court to require the jury to return only a special verdict . . . in any case involving equitable relief, mandamus, quo warranto, prohibition, a declaratory judgment, and in any other case or proceeding where special verdicts may now or hereafter be specifically required by law." This is not such a case. As to Section (a) of the statute (Code Ann. § 81A-149, supra), the court, in its discretion, may require the jury to return only a special verdict, but no abuse of discretion has been shown. *Pressley v. Jennings,* 227 Ga. 366, 376 (180 SE2d 896). There is no merit in this complaint.

6. Plaintiff here contends the loss of the back hoe occurred prior to the rains and flood water which descended upon the land a few days later and no extraordinary recovery methods could be used to salvage the same barring the destruction of the vehicle. Defendants contend the flooding and the rains caused the loss bringing same within the exclusionary clause. This clause states that a loss caused by "flood," "surface water," "overflow of streams or other bodies of water," or "water

below the surface of the ground," was excluded. Plaintiff contends the loss resulted when it sank below the surface, and it could not be recovered without destroying the vehicle as such. This was an issue for the jury, and the term "water below the surface," is not as clear and concise as the other terms — "flood," "surface water," and "overflow of streams or other bodies of water." The evidence was conflicting as to the cause of the loss, although ultimately, flooding from the overflow of the Ocmulgee River did prevent any salvage operations.

The trial court did not err in charging that, "recovery may be allowed where insured risk itself set into operation a chain of causation in which the last step may have been an excepted risk," or the contention of plaintiff that the machinery was lost prior to the rising of the river and subsequent inundating of the area. This was the issue for the jury to determine, that is, was there a loss before the flooding or was the loss caused by the flood waters considering all the facts and circumstances. The situation is similar to the walls and ceiling of rooms being damaged by rain following damage to the roof from hail covered by a policy. See *St. Paul Fire &c. Ins. Co. v. Postell,* 113 Ga. App. 862 (3, 4), 864, supra, holding that this was a jury issue.

7. Objection was made to a charge by the trial court of a written request by the plaintiff as follows: "A contract of insurance should be construed so as to avoid forfeiture if possible, and to carry out the true intention of the parties, according to the natural and reasonable meaning of the language used, viewed in the light of the intended circumstances." This charge is based on Code § 20-702 and former Code § 56-815, now Code Ann. § 56-2419 (Ga. L. 1960, pp. 289, 667), and was taken from language found in *Cherokee Brick Co. v. Ocean Accident &c. Corp.,* 21 Ga. App. 702, 703 (94 SE 1032), citing therein *Clay v. Phoenix Ins. Co.,* 97 Ga. 44 (1) (25 SE 417). While these cases did not expressly approve this language as a charge, nevertheless, we find no harmful error in the court having charged same here. The enumeration of error complaining of this excerpt is not meritorious.

8. Exception was also made to the trial court charging the substance of plaintiff's request to the effect

that contracts of insurance are presumed to be made with reference to the character of the property insured and to the owner's use thereof. There was some evidence that the machine was designed to be used in muddy and wet areas, sometimes in stream beds. The trial court then charged that upon such facts being satisfactorily shown and that the insurer defendants had knowledge of the normal and the necessary use of this type of machine in the area where such machine would be used "then you would not consider the exclusionary clause, since upon facts being satisfactorily shown, it will not be presumed that the insurer accepted the premium and issued the policy with full knowledge of the inevitable forfeiture by reason of the necessary break [sic — breach?] to the warranty contained, but issuance of the policy with such implied knowledge amounted to a waiver of the warranty to the extent indicated. This, of course, is a matter of proof, to be established before you by evidence independent of the other evidence in this case." The excerpt with reference to the above was also taken from *Cherokee Brick Co. v. Ocean Accident &c. Corp.,* 21 Ga. App. 702, 703, supra, which also cited such cases as *Powell v. Commonwealth Ins. Co.,* 3 Ga. App. 436 (60 SE 120), and *Maril v. Connecticut Fire Ins. Co.,* 95 Ga. 604, 612 (23 SE 463). The trial court also clearly instructed the jury that this, of course, was a matter of proof to be established by the evidence. Further, the exclusionary clause is not so completely couched in such language that it can be said to be so clear and concise and completely unambiguous as to demand a finding that the loss was excluded when applying the meaning of its terms of exclusions to the actual facts of this case. There is no merit in these complaints.

Interpretation and construction of a clear and unambiguous policy of insurance is a question of law for the court to decide without the intervention of a jury. *Gulbenkian v. Patcraft Mills,* 104 Ga. App. 102, 104 (121 SE2d 179); *Carter v. Turbeville,* 90 Ga. App. 367, 369 (83 SE2d 72); *Farm Supply Co. v. Cook,* 116 Ga. App. 814, 816 (159 SE2d 128); *Chalkley v. Ward,* 119 Ga. App. 227, 235 (166 SE2d 748). It cannot be said that the exclusions in the case sub judice should have been interpreted by the trial court as a matter of law without the intervention of

the jury.

9. The trial court committed harmful error by inaccurately charging the jury as to the contentions of the defendants. The trial court stated to the jury that the defendants' contentions included, "that the machine was not operated according to the terms and specifications set forth in the insurance contract. . . that the machine was operated over territory which was excluded in the terms of the insurance policy. . . [a]nd therefore they claim that the improper use over the wrong terrain was the cause of the damage to Mr. Sutton [plaintiff]. . ." Neither pleadings nor evidence at trial authorized these statements. A charge which confuses the issues in the case and injects into the case issues not made by the pleadings or the evidence is presumptively harmful to the losing party. *Seibers v. Morris,* 226 Ga. 813, 816-817 (177 SE2d 705). See also *Ryder Truck Rental v. Gianotos,* 113 Ga. App. 81 (3), 83 (147 SE2d 448); *Farr v. Collins,* 109 Ga. App. 37, 39 (135 SE2d 65). A new trial is therefore necessary.

*Judgment reversed. Quillian, P. J., concurs. Webb, J., concurs in the judgment only.*

ARGUED OCTOBER 16, 1978 — DECIDED FEBRUARY 2, 1979.

*Jones, Cork, Miller & Benton, Carr G. Dodson, L. Lin Wood, Jr., Wallace Miller, III,* for appellants.

*H. G. Bozeman,* for appellee.