Johh L. Fiyhh, J.
Defendant moves to dismiss the complaint on the ground it fails to state a cause of action and to vacate the warrant of attachment.
Plaintiff sues to recover a deposit after electing to rescind a contract which plaintiff was induced to enter through the fraud of defendant. A warrant of attachment was issued in that action.
Defendant contends that the complaint is insufficient (1) because it fails to specify the respects in which the representations were false, and (2) the complaint does not allege that the statements were made with the intent to defraud and deceive plaintiff. These objections lack merit. As the mere allegation that representations were ‘ ‘ false ” is a sufficient statement of ultimate fact, plaintiff need not set forth in what respects and to what extent the representations were false (Samuel W. Hurowitz, Inc., v. Selkin, 241 App. Div. 269). Moreover, the *172 allegation in paragraph 3rd ‘ ‘ that said warranties and representations were made to plaintiff in order to induce him to enter into the agreement ’ ’ has the same effect as, and is equivalent to, the required allegation that the representations were made by defendant with intent to deceive plaintiff.
Defendant’s objection to the validity of the warrant of attachment is predicated on the fact that plaintiff in his affidavit in support of the warrant stated that he was entitled to $5,000 over and above all counterclaims known to him whereas in fact plaintiff knew that defendant had sued him in another action for the sum of $50,000 in connection with the same contract. In view of plaintiff’s concealment of this fact, defendant contends that the warrant should be vacated because of the falsity of plaintiff’s allegation. However, plaintiff was not obligated to apprise the court of the existence of defendant’s claim. While plaintiff is required to state in his affidavit that the sum claimed is due and above any counterclaims known to plaintiff, such a statement is construed to mean only that the sum claimed is due over and above all counterclaims which plaintiff is willing to concede as just. Accordingly, the fact that defendant had instituted another action against this plaintiff for a sum in excess of plaintiff’s claim does not invalidate the attachment (Bloom v. Wrought Iron Novelty Corp., 128 Misc. 460; Bard-Parker Co. v. Dictograph Prods. Co., 258 App. Div. 638). Since the papers in support of the warrant of attachment are sufficient and indicate that plaintiff may succeed at the trial, the attachment will not be vacated.
Accordingly, the motion is denied.