Streets in the Borough of The Bronx, Duly Selected as a Site for Public School 132, and Recreational Purposes. JENNIE SCHUPAK et al., Appellants. — Final decree so far as appealed from unanimously affirmed, with costs to the respondent. No opinion. Concur — Botein, P. J., Breitel, Rabin, M. M. Frank and Valente, JJ.

■ JOSEPH WEISS, Respondent, v. ROSE W. GOLDSLEGER, Appellant.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Botein, P. J., Breitel, Rabin, M. M. Frank and Valente, JJ. [15 Misc 2d 171.]

■ HOME DIATHERMY CO., INC., Respondent, v. IDA LORRAINE, Appellant.— Determination unanimously affirmed, with costs to the respondent. No opinion. Concur — Breitel, J. P., M. M. Frank, Valente, McNally and Stevens, JJ.

■ ANNA P. MOLDOVAN et al., Respondents, v. UNITED STATES FIDELITY & GUARANTY Co., Appellant.— Judgment unanimously affirmed, with costs to the respondent. No opinion. Concur — Breitel, J. P., M. M. Frank, Valente, McNally and Stevens, JJ. [15 Misc 2d 85.]

■ S. J. ZACKS, Respondent, v. HARRY HARRIS, Appellant.— Orders unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Breitel, J. P., M. M. Frank, Valente, McNally and Stevens, JJ.

■ JOHN ASTOR, Appellant, v. GERTRUDE G. ASTOR, Defendant, and DOLORES F. ASTOR, Respondent.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. (Civ. Prac. Act, § 1169; Griffin v. Griffin, 47 N. Y. 134.) Concur — Botein, P. J., Rabin, M. M. Frank, McNally and Stevens, JJ.

■ FIVE STAR SHIRT CO., INC., Respondent, v. ALLENDALE GARMENT CO., INC., Appellant.— Orders unanimously affirmed, without costs. No opinion. Concur — Botein, P. J., Rabin, M. M. Frank, McNally and Stevens, JJ.

■ INGVAR ROBERG et al., Copartners Doing Business as R. & N. CONSTRUCTION Co., Respondents, v. EVYAN, INC. et al., Appellants, et al., Defendants.— Order unanimously affirmed, with $20 costs and disbursements to the respondents. The time of the defendants, Evyan, Inc., and Parfums Evyan, Inc., to propose and serve amendments to the proposed case on appeal is hereby extended for a period of 30 days after service upon their attorneys of a copy of this order, with notice of entry thereof. No opinion. Concur — Botein, P. J., Rabin, M. M. Frank and McNally, JJ.

■ SARAH SILVER et al., Appellants-Respondents, v. PARKDALE BAKE SHOP, INC., Respondent-Appellant, and DOROTHY ZENKER, Respondent.— Order denying plaintiffs' motion to vacate the settlement and to restore the case to the Ready Day Jury Calendar reversed on the law and in the court's discretion and the motion granted, with $20 costs and disbursements to plaintiffs-appellants. All pleadings, including cross complaint, are reinstated. Plaintiff Sarah Silver in her affidavit asserts unequivocally that at no time did she consent to the settlement entered into by her attorney, nor was she consulted with respect thereto. It is further alleged that upon learning of the settlement she objected thereto on the ground that it was inadequate. An attorney may not settle or compromise his client's case in the absence of consent by the client. (Countryman v. Breen, 241 App. Div. 392, affd. 268 N. Y. 643.) As the record stands, it appears that the plaintiffs did not consent to the settlement and there being no proof to the contrary, the settlement should be set aside. Plaintiffs should not have been required to secure an affidavit from their former attorney, for whom they have substituted other counsel. If defendants had