■ ESTATE OF LAUREAH B. BELMAR, by JACK A. BELMAR, as Executor, Plaintiff, v COUNTY OF ONONDAGA, Defendant and Third-Party Plaintiff-Respondent. HOME INSURANCE COMPANY, Third-Party Defendant-Appellant, et al., Third-Party Defendant.—Order unanimously reversed on the law without costs and summary judgment granted, in accordance with the following memorandum: Third-party defendant Home Insurance Company (Home) is entitled to summary judgment declaring that it is not obligated to defend or to indemnify third-party plaintiff County of Onondaga in a negligence action brought as a result of a fall on the public sidewalk adjacent to the Onondaga County Public Library. Home issued a liability policy insuring the library premises, but the policy specifically excludes liability relating to maintenance and operation of public streets including sidewalks. The policy does not define premises. The cases relied on by the county to show that the word "premises" alone includes adjoining ways are unpersuasive because, in each case cited, the policy explicitly used inclusive language (see, Mercado v Rios, 47 Misc 2d 589; Aetna Cas. & Sur. Co. v Fireman's Fund Ins. Co., 40 Misc 2d 813; Moldovan v United States Fid. & Guar. Co., 15 Misc 2d 85, affd 8 AD2d 607, lv denied 6 NY2d 707; see also, Couch, Insurance 2d § 44:310 [1982]). The subject matter of the underlying negligence action is, therefore, within the exclusion in

the policy. (Appeal from order of Supreme Court, Onondaga County, Hayes, J.—summary judgment.) Present—Dillon, P. J., Doerr, Green, Pine and Davis, JJ.