■ NATIONWIDE MUTUAL INSURANCE COMPANY, Respondent, v ERIE AND NIAGARA INSURANCE ASSOCIATION, Appellant. [672 NYS2d 596] —Judgment unanimously affirmed with costs. Memorandum: In this declaratory judgment action between two insurers, defendant appeals from a judgment that granted plaintiff's motion for summary judgment and declared that defendant had issued a farmowner's insurance policy under which it must cover the liability of defendant's insured and his employee arising out of the ownership, use, and operation of a 1983 Dodge pick-up truck that was involved in an accident with a vehicle driven by plaintiff's insured. Defendant contends that the policy unambiguously excludes coverage for liability arising out of the use or operation of the pick-up truck in the circumstances of this case.

As a matter of law, the policy covers liability arising out of the use of the pick-up truck in this case, and thus Supreme Court's declaration in favor of plaintiff was proper. The record establishes that the pick-up truck was properly registered as a farm vehicle pursuant to Vehicle and Traffic Law § 401 (13), was used exclusively for farm purposes, and, at the time of the accident, was traveling along the most direct route between two farms operated by the insured. The Incidental Liability provisions of the policy unambiguously cover liability "for bodily injury and property damage which * * * occurs on the insured premises and results from the ownership, maintenance, use, loading or unloading of * * * motorized vehicles not subject to motor vehicle registration because of their type or use." Here, the pick-up truck was not subject to regular motor vehicle registration because of its exclusive use and registration as a farm vehicle (see, Vehicle and Traffic Law § 401 [13]). Moreover, under the policy, the public highway where the accident occurred was part of the "insured premises". Under the policy, the "insured premises" include "any premises used by you in connection with the described location" as well as "approaches and access ways immediately adjoining the insured premises". Additionally, "insured premises also mean * * * other land you use for farming purposes". "Farming" is in turn defined to include "use of premises for the production of crops or the raising or care of livestock, including all necessary operations". Those definitions are broad enough to include public roadways used by the insured to transport workers and materials between the insured's farms.

In reaching our conclusion, we are mindful of the examination before trial testimony of defendant's underwriting manager, who admitted that the accident was a covered occurrence according to the foregoing provisions of the policy. We reject defendant's contention that the parol evidence rule bars the court's consideration of a party's relevant admissions on the issue of contract interpretation (*see*, Prince, Richardson on Evidence §§ 11-401—11-405 [Farrell 11th ed]). (Appeal from Judgment of Supreme Court, Onondaga County, Major, J.—Declaratory Judgment.) Present—Denman, P. J., Hayes, Balio, Boehm and Fallon, JJ.