■ CHARLES R. MCLAUGHLIN et al., Respondents, v MIDROX INSURANCE COMPANY, Appellant, and RONALD D. BLODGETT et al., Doing Business as BLODGETT BROTHERS PARTNERSHIPS, Respondents. (Appeal No. 1.) [893 NYS2d 914]—Appeal from an order of the Supreme Court, Ontario County (William F. Kocher, A.J.), entered November 1, 2007 in a personal injury action. The order, inter alia, denied the cross motion of defendant Midrox Insurance Company for summary judgment.

Appeal from a judgment of the Supreme Court, Ontario

County (William F. Kocher, A.J.), entered March 3, 2009 in a personal injury action. The judgment, inter alia, directed defendant Midrox Insurance Company to pay plaintiffs the sum of $1 million.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking a determination that defendant Midrox Insurance Company (Midrox) was obligated under a farmowner's insurance policy issued to the remaining defendants, Ronald D. Blodgett and David J. Blodgett, doing business as the Blodgett Brothers Partnerships (hereafter, Blodgett defendants), to indemnify the Blodgett defendants in the underlying personal injury action and requesting judgment against Midrox in the amount of $1 million. In the underlying personal injury action, plaintiffs sought damages from the Blodgett defendants for injuries sustained by plaintiff Charles R. McLaughlin when the motorcycle he was operating collided with a pickup truck operated by Ronald Blodgett. Midrox disclaimed coverage for the accident on the ground that the accident occurred off the insured premises while Blodgett was operating a vehicle subject to motor vehicle registration. The underlying action ultimately settled, and judgment was entered against the Blodgett defendants in the amount of $1 million. Neither Midrox nor the Blodgett defendants, however, responded to plaintiffs' demand for payment pursuant to Insurance Law § 3420 (a) (2).

Plaintiffs moved for summary judgment on the complaint, and Midrox cross-moved for summary judgment dismissing the complaint on the ground that it properly disclaimed coverage. In appeal No. 1, Midrox appeals from an order granting plaintiffs' motion in part and denying its cross motion in its entirety. The court determined that the pickup truck was registered as an agricultural truck pursuant to Vehicle and Traffic Law § 401 (7) (E) (2) and was properly operated on public highways only for the purposes set forth in that subdivision (see § 401 [7] [E] [3]), but the court further determined that there was an issue of fact whether the accident occurred on insured premises. In appeal No. 2, Midrox appeals from a subsequent order pursuant to which the court determined following a hearing that the policy provides coverage for the accident and that Midrox shall pay plaintiffs the sum of $1 million. We note that, in appeal No. 2, Midrox appeals from the order rather than the subsequent judgment. Nevertheless, we exercise our discretion to treat the notice of appeal as valid and deem the appeal as taken from the judgment (see Hughes v Nussbaumer, Clarke &

*Velzy*, 140 AD2d 988 [1988]; *see also* CPLR 5520 [c]). We further note that the order in appeal No. 1 is subsumed in the final judgment in appeal No. 2, and thus the appeal by Midrox from the order in appeal No. 1 must be dismissed (*see Hughes*, 140 AD2d 988 [1988]; *Chase Manhattan Bank, N.A. v Roberts & Roberts*, 63 AD2d 566, 567 [1978]; *see also* CPLR 5501 [a] [1]).

We conclude that the court properly determined that the farmowner's policy provided coverage for the subject accident. The incidental liability provisions of the policy cover liability for bodily injury and property damage that "occurs on the *insured premises* and results from the ownership, maintenance, use, loading or unloading of . . . *motorized vehicles* not subject to *motor vehicle* registration because of their type or use." Pursuant to the policy, the "[i]nsured premises" include the Blodgett defendants' main farm as identified in the "Described Location" section as well as "any premises used . . . in connection with the described location," the "approaches and access ways immediately adjoining the *insured premises*," and "other land [the insured] use[s] for *farming* purposes."

Midrox contends that its policy does not provide coverage because the accident occurred on a public roadway while Ronald Blodgett was driving a pickup truck. We reject that contention. In *Nationwide Mut. Ins. Co. v Erie & Niagara Ins. Assn.* (249 AD2d 898 [1998]), we interpreted a farmowner's insurance policy that was substantially similar, if not identical, to the Midrox policy. There, the insured's employee was involved in an accident on a public roadway while driving a pickup truck between two farms operated by the insured (*id.* at 898). We further concluded that the various definitions of "insured premises" were "broad enough to include public roadways used by the insured to transport workers and materials between the insured's farms" (*id.*). Here, the record establishes that, at the time of the accident, Ronald Blodgett was driving the pickup truck between the Blodgett defendants' main farm and leased farm property, which were approximately nine miles from each other.

We further reject the contention of Midrox that our decision in *Nationwide Mut. Ins. Co.* does not apply because the pickup truck was registered as an agricultural truck (Vehicle and Traffic Law § 401 [7] [E]) rather than as a farm vehicle (§ 401 [13]). The Blodgett defendants had the option of registering the truck as either a farm vehicle or an agricultural truck, and the fact that they elected to register the truck as an agricultural vehicle does not, in our view, deprive them of coverage under the policy inasmuch as the pickup truck was used exclusively for farm

purposes and the accident occurred along the most direct route between the two farm parcels. Thus, the pickup truck was not subject to regular motor vehicle registration because of its exclusive use as a farm vehicle (*see Nationwide Mut. Ins. Co.*, 249 AD2d at 898).

There is likewise no merit to the contention of Midrox that the term "premises" within the meaning of the policy is not intended to encompass public roadways. That restrictive interpretation is not supported by the language of the policy, which neither defines "premises" nor excludes public roadways from its purview (*cf. Estate of Belmar v County of Onondaga*, 147 AD2d 900 [1989], *lv denied* 74 NY2d 612 [1989]). Construing the policy in favor of the insureds and resolving all ambiguities in the insureds' favor, as we must (*see United States Fid. & Guar. Co. v Annunziata*, 67 NY2d 229, 232 [1986]), we conclude that the accident occurred on the "insured premises" within the meaning of one or more of the policy's alternative definitions of that phrase (*see Nationwide Mut. Ins. Co.*, 249 AD2d at 898). Present—Centra, J.P., Peradotto, Green and Pine, JJ.