## Phillips Auctioneers LLC v Grosso

2024 NY Slip Op 33906(U)

October 31, 2024

Supreme Court, New York County

Docket Number: Index No. 651782/2020

Judge: Andrea Masley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 48

-----------------------------------------------------------------------------X

PHILLIPS AUCTIONEERS LLC,

Plaintiff,

- v -

PIER FRANCO GROSSO,

Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 651782/2020 |
| MOTION DATE | |
| MOTION SEQ. NO. | 006 |

**DECISION + ORDER ON MOTION**

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 006) 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187

were read on this motion to/for            SANCTIONS         .

In motion sequence 006, plaintiff Phillips Auctioneers LLC moves by OSC against defendant Pier Franco Grosso and his attorney Richard A. Altman for sanctions and to compel production of documents and testimony:

    (1) entering judgment in plaintiff's favor on all claims and imposing fees and costs for defendant's sanctionable and frivolous conduct; or

    (2) imposing the following requirements and sanctions on defendant:

        a. ordering defendant to supplement his document production after conducting a proper search and collection of responsive materials using an outside vendor at defendant's cost;

        b. ordering defendant and his counsel to submit *Jackson* affidavits[1] to confirm this document search, collection, and review process was done properly;

        c. compelling defendant to testify regarding the topics identified in plaintiff's memorandum of law on which defendant refused to give answers at his deposition.

---

[1] *Jackson v New York*, 185 AD2d 768 [1st Dept 1992].

**651782/2020 PHILLIPS AUCTIONEERS LLC vs. GROSSO, PIER FRANCO**
**Motion No. 006**

d. issuing an adverse inference instruction that will be read to the jury in the event this matter goes to trial; and

e. imposing fees and costs on defendant and his counsel for their sanctionable and frivolous conduct. (NYSCEF Doc. No. [NYSCEF] 166.)

## Documents

Plaintiff objects to Grosso's production of 236 pages of documents. Admittedly, Grosso "never conducted a search for any documents in connection with Phillips' discovery requests" (NYSCEF 140, Grosso's deposition on July 20, 2023 [Grosso's 1st deposition] tr at 189:8-21, 191:11-14); testified "that nobody ever told him he needed to collect documents in response to Phillips' document requests (*id.* at 188:15-189:18); testified that nobody told him to preserve documents related to this case (*id.* at 187:25-188:7); testified that he has never seen Phillips' discovery requests, and nobody has communicated to him what his obligations were in response to those requests (*id.* at 188:15-189:18); testified that he does not know how any of the 236 pages of documents that he produced were gathered and that he played 'no role at all' in that process (*id.* at 190:11-191:4); and testified that he does not recall searching for any documents or communications concerning the authenticity or provenance of the Work. (*Id.* at 189:22-190:10.)

Grosso also failed to produce responsive documents. Grosso testified that he never sent or received any text messages related to the Work, but this is false. (*Id.* at 187:17- 24; *see* NYSCEF 150, text messages between Grosso and Cheyenne [showing text messages between Grosso and Cheyenne Westphal of Phillips discussing the drawing at issue and Grosso's need to repay Phillips' $1.5 million loan].) Grosso's

**651782/2020 PHILLIPS AUCTIONEERS LLC vs. GROSSO, PIER FRANCO** **Page 2 of 10**
Motion No. 006

2 of 10

production omits communications that are directly responsive to Phillips' requests. (*Compare*, e.g., NYSCEF 150-57, *with* NYSCEF 159, Grosso's production.)

**Grosso's deposition**

Plaintiff is entitled to Grosso's deposition for up to seven hours, without delay or wasting time. (*See* 22 NYCRR 202.20-b [a] [2][2].) Altman impermissibly terminated the deposition at 4 hours. (*See* NYSCEF 140, Grosso's 1st deposition tr at 184:6-17.) Further, Grosso's refusal to answer questions without any legal basis delayed the deposition. (*Id.* tr at 114:10-115:9, 36:9-16, 38:25-40:8.) A review of the transcript demonstrates that Grosso's deposition was a waste of time. Grosso was argumentative. (*Id.* at 10:25-13:18.) His responses were incoherent and unresponsive. (*Id.* tr at 32:3-34:1, 35:16-37:9, 38:17-40:5, 42:7-44:4, 49:23-51:15, 68:23-70:10, 86:23-89:8, 94:21-97:20, 148:24-151:19, 168:3-169:20; NYSCEF 141, Grosso's deposition on July 25, 2023 [Grosso's 2nd deposition] tr at 18:2-19:9, 23:19-24:21, 43:25- 45:18, 125:25-128:25; NYSCEF 143-44.) Grosso frequently interrupted the examination to complain about how long it was taking. (NYSCEF 140, Grosso's 1st deposition tr at 192:11-193:14; NYSCEF 141, Grosso's 2nd deposition tr at 91:5-92:17, 104:19-106:20.) Each of Grosso's outbursts caused significant distraction and disruption to Phillips' efforts in obtaining relevant information. The deposition ended early because Grosso became uncooperative and declared "that was the last question." (NYSCEF 141, Grosso 2nd deposition tr at 129:18-21.) Therefore, Grosso shall reimburse plaintiff for

---

[2] Section 202. 20-b(a)(2) provides that "Depositions shall be limited to 7 hours per deponent." (22 NYCRR 202.20-b [a] [2].)

the costs and attorneys' fees incurred in taking the July 20 and July 25, 2023 depositions.

The court finds that plaintiff's questions were proper and Grosso should have answered them. For example, there was no legal basis for Grosso to refuse to answer questions about his understanding of the contract he signed. (*See Nationwide Mut. Ins. Co. v Erie & Niagara Ins. Assn*, 249 AD2d 898, 899[4th Dept 1998] [deposition testimony regarding defendant's interpretation of the contract was relevant and properly elicited]; *Dupree v United States*, 2020 WL 3960512 at *9 [EDNY July 13, 2020] [allowing fact witnesses to testify about their understanding of contractual terms].)

Plaintiff's request to enter a judgment against plaintiff is a harsh penalty and premature. (*Amador v Andrews*, 2009 US Dist LEXIS 108727, *8 [SDNY Nov. 18, 2009] [requesting to enter a judgment is a harsh judgment remedy that is to be used in extreme situations].) Accordingly, Grosso is directed to appear for a new deposition. (*See Mora v St. Vincent's Catholic Med. Ctr.*, 8 Misc 3d 868, 869-718 [Sup Ct, NY County 2005] [ordering a party to submit to a continued deposition to answer questions that her counsel blocked during the initial deposition].) Because of the presence and coaching of someone during his initial deposition (NYSCEF 162, video excerpts of Grosso's deposition 00:01-00:16, 04:45-05:25, 05:34-05:48; NYSCEF 140, Grosso's 1st deposition tr at 173:20-25), Grosso's continued deposition must be taken in person, in NYC, in the courthouse at 60 Centre Street. (*See Rubin v Sabharwal,* 70 Misc 3d 1216 [A], 2021 NY Slip Op 50102 [U], **2[Sup Ct, NY County 2021] [ordering that "no individual may be physically present in the same room as the deponent during her

651782/2020   PHILLIPS AUCTIONEERS LLC vs. GROSSO, PIER FRANCO
Motion No. 006

Page 4 of 10

[remote] deposition other than the court reporter or deponent's counsel."].)  Further, Grosso is not permitted to use his notes during his deposition.

**Attorney Altman conduct**

Attorney Altman's conduct is sanctionable.  (Thomas J. Hall, Commercial Litigation in New York State Courts § 86:3 [Courtesy in all professional dealings with other persons – Effective representation] [5th ed, Sept. 2022 update].)  First, on July 20, 2023, Altman agreed to continue Grosso's deposition on July 25, 2023, but cancelled on July 24, 2023, because he decided that the July 20, 2023, deposition was sufficient.  (*See* NYSCEF 142, emails between counsel.)  Then, Altman changed his mind and Grosso appeared on July 25, 2024.  (NYSCEF 144, emails between counsel.)  This conduct was improper and wasted plaintiff's time.  Further, much time was wasted on whether plaintiff was entitled to up to seven hours of deposition; they are.  (*See* 22 NYCRR 202.20-b [a] [2].)

Second, Altman's response "No, I am not your law clerk."  was unprofessional.  (*See* NYSCEF 141, Grosso's 2nd deposition tr at 132:9-10.)  Altman's refusal to provide authority for his position that plaintiff was not entitled to up to seven hours is sharp practice that will not be tolerated.  (*See Tardibuono v County of Nassau*, 181 AD2d 879, 881 [2d Dept 1992] [explaining that an attorney must assert a legal basis for objecting during a deposition].)

Third, Altman's requests to mark the questions for a ruling and move on is dated and improper.  The Uniform Rules prohibit an attorney from objecting to questions unless the objection (i) seeks to preserve a privilege; (ii) seeks to enforce a limitation set by a court order, or (iii) is to a plainly improper question, and if answered would cause

**651782/2020   PHILLIPS AUCTIONEERS LLC vs. GROSSO, PIER FRANCO**                    **Page 5 of 10**
**Motion No.  006**

[* 5]                                            5 of 10

significant prejudice. (*See* 22 NYCRR 221.1; 22 NYCRR 221.2 [a]-[c].) Here, Altman objected to proper questions. (NSYCEF 140, Grosso 1st deposition tr at 74:11-17, 123:15-124:11, 127:12-23, 136:17-25, 137:22-138:6, 155:4-15.) Thus, Altman's objections were improper because they do not meet the exceptions outlined in 22 NYCRR 221.2 [a]-[c]. (*Freidman v Fayenson*, 41 Misc 3d 1236[A], 2013 NY Slip Op 52038 [u], ****36-39 [Sup Ct, NY County 2013] [where attorney's instructions not to answer were not grounded in law, his conduct was frivolous and sanctionable], *affd sub nom. Freidman v Yakov*, 138 AD3d 554 [1st Dept 2016].)

Fourth, Altman's direction to Grosso not to answer deposition questions is simply wrong and Altman, an attorney, who previously practiced in the Commercial Division, knows it. "Instructions not to answer questions at depositions are . . . conceptually contrary to CPLR 3113(c) which directs that depositions shall proceed as permitted in the trial of an action in open court." (*Hildebrandt v Stephan*, 42 Misc 3d 719, 722 [Sup Ct, Erie County 2013] [internal quotations marked omitted] [internal citations omitted].) Altman's instructions not to answer permissible questions is sanctionable. (*Oi Tai Chan v Socy. of Shaolin Temple*, Inc., 30 Misc 3d 244 [Sup Ct Queens County 2010] [imposing sanctions on counsel for instructing client not to answer questions that "went to the heart of the issues, were not grossly irrelevant or unduly burdensome, were not so prejudicially improper, and did not infringe upon any privilege."].)

Fifth, Altman failure to prepare Grosso is improper. (*McHugh v City of NY*, 150 AD3d 561, 526 [1st Dept 2017] [imposing sanctions because witness was unprepared during deposition].) Grosso was unprepared for his deposition and was reading from his

**651782/2020 PHILLIPS AUCTIONEERS LLC vs. GROSSO, PIER FRANCO**
**Motion No. 006**

**Page 6 of 10**

6 of 10

[* 6]

notes. (NYSCEF 140, Grosso's 1st deposition tr at 9:18-18:4.) Thus, Altman's failure to prepare Gross is waste of other party's time.

Sixth, Altman's coaching of Grosso was improper. (NYSCEF 140, Grosso's 1st deposition tr at 48:15-49:15; 116:23-118:3.) Under the Uniform Rules, objections must be framed in a way that does not suggest an answer to the deponent. (22 NYCRR 221.1[b].) Here, Altman coached Grosso with impermissible speaking objections. Altman's coaching a witness was inappropriate making the deposition a waste of time.

Seventh, Altman was disrespectful to his adversary. (*Hindlin v Prescription Songs LLC* 2022 NY Slip Op. 32601[U] [Sup Ct, NY County 2022] [explaining that attorneys must be respectful during depositions].) "At depositions, as in court, lawyers are expected to advise their clients and witnesses of the proper conduct expected of them… and make reasonable efforts to prevent clients and witnesses from causing disorder or disruption." (Thomas J. Hall, Commercial Litigation in New York State Courts § 86:16 [Discovery - Depositions] [5th ed, Sept. 2022 update].) Here, for example, Altman said that his adversary's question was absurd. (NYSCEF 140, Grosso's 1st deposition tr at 48:24-25.) Such disrespect invited Grosso to do the same. (*Id.* at 120:11-13.) Thus, Altman's conduct was improper and sanctionable. (See *Hindlin v Prescription Songs LLC* 2022 NY Slip Op. 32601[U].)

Eighth, Altman's initial opposition to this motion was insufficient. (NYSCEF 175, defendant's opposition.) At argument, Altman blamed the court for not giving him enough time. (NYSCEF 187, mot. seq. 006 tr at 10:3-11; 14:7-11.) The court invited Altman to submit a proper response. (*See id.* at 187:14-24 [the court considered whether Mr. Altman should be given an extension to file a Sur reply].) While his

**651782/2020   PHILLIPS AUCTIONEERS LLC vs. GROSSO, PIER FRANCO**                    **Page 7 of 10**
**Motion No. 006**

[* 7]                                               7 of 10

subsequent response included a few case citations, it too is woefully insufficient given the record here. (NYSCEF 182, Altman's Sur Reply.) Effectively, defendant has conceded everything in plaintiff's motion.

Because of Grosso's and Altman's improper conduct, sanctions are warranted. (*See Levy v Carol Mgt. Corp.,* 260 AD2d 27, 34[1st Dept 1999] ["Sanctions are retributive, in that they punish past conduct," but "[t]hey also are goal oriented, in that they are useful in deterring future frivolous conduct not only by the particular parties, but also by the bar at large"]; *see also Maxim Inc. v Gross*, 119 Ad3d 536, 537 [1st Dept 2020] ["general obstructionist behavior and cavalier attitude with respect to discovery obligations and deadlines warrant . . . monetary sanctions . . . in the amount of defendant's reasonable legal fees incurred in discovery"]; Thomas J. Hall, Commercial Litigation in New York State Courts § 86:16 [Discovery - Depositions] [5th ed, Sept. 2022 update].) In addition to financial sanctions for wasting time, Grosso shall image his phone and all electronics. (*Carey v Shakhnazarian*, 68 Misc 3d 1221 [A], 2020 NY Slip Op 51040 [U], **6[Sup Ct, NY County 2020] [ordering defendant to turn over cell phone for forensic examination because she admittedly did not search the phone for responsive material].)

Accordingly, it is

ORDERED that plaintiff's motion is granted to the extent that Grosso shall supplement his document production and file a Jackson affidavit by November 8, 2024; and it is further

ORDERED that Grosso shall reimburse plaintiff for the cost of conducting the initial deposition including the cost of preparing for it, again, and the total hours during

651782/2020   PHILLIPS AUCTIONEERS LLC vs. GROSSO, PIER FRANCO                Page 8 of 10
Motion No. 006

8 of 10

which plaintiff's attorney took the deposition. Plaintiff shall submit an affirmation of services 10 days after the deposition. Grosso may file opposition 7 days after receipt. The court will determine whether a hearing is needed; and it is further

ORDERED that Grosso shall appear for a deposition at 60 Centre Street on or before December 13, 2024. Plaintiff shall contact the Part 48 Part Clerk to arrange for the use of the court's jury room for this deposition one week prior to deposition. Plaintiff's attorney has up to 7 hours to take this deposition in NYC; and it is further

ORDERED that Grosso shall reimburse plaintiff for the cost of this motion and attorney preparation time for the deposition to be taken in New York which is duplicative solely because of Grosso's and his attorney's improper conduct. Plaintiff shall submit an affirmation of services by November 8, 2024. Grosso may file opposition by November 15, 2024. The court will determine whether a hearing is needed; and it is further

ORDERED, that Grosso shall have his cell phone and all electronic equipment imaged within 48 hours of this decision at his expense. The image shall be held by the court and released to plaintiff if Grosso fails to comply with this order; and it is further

ORDERED that if Grosso fails to timely comply with this order, the court will consider dismissal or an adverse inference at trial or on summary judgment; and it is further

ORDRED that Grosso and his attorney are directed to review the Standards of Civility onhttps://www.nycourts.gov/LegacyPDFS/courts/comdiv/NY/PDFs/JMasley-Civility.pdf; and it is further

ORDERED that the parties shall comply with the following discovery schedule:

**651782/2020   PHILLIPS AUCTIONEERS LLC vs. GROSSO, PIER FRANCO**
**Motion No. 006**

Page 9 of 10

Party proponent expert reports shall be completed by January 17, 2025;

Rebuttal expert reports shall be completed by January 31, 2025;

Expert depositions shall be completed by February 14, 2025;

Plaintiff shall file the note of issue/certificate of readiness shall be filed by February 21, 2025; and

Any motions for summary judgment shall be filed by March 21, 2025. No cross motions.

| **10/31/2024** | | | | **ANDREA MASLEY, J.S.C.** | |
|---|---|---|---|---|---|
| **DATE** | | | | | |
| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| | X | GRANTED | | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**651782/2020   PHILLIPS AUCTIONEERS LLC vs. GROSSO, PIER FRANCO**
**Motion No.  006**

Page 10 of 10